LOAN AND EXCHANGE BANK v. PETERKIN.

1. PRACTICE—REMEDIES—FORECLOSURE—JURY AND JURY TRIALS—
ISSUES OUT OF CHANCERY.—When a defendant in a foreclosure suit
raises the question of paramount title in himself, the complaint should
not be dismissed as to him, but the issue should be tried by a jury,
without framing issues.

2. IBID.—ACTOR—FORECLOSURE.—When a defendant in a foreclosure
suit raises the issue of paramount title in himself by denying title in
mortgagor, the plaintiff must be the actor. Distinguished from
*Daniel* v. *Hester*, 24 S. C., 303.
MR CHIEF JUSTICE McIVER, *dissenting*.

Before BENET, J., Richland, July, 1897.   Reversed.

Action in foreclosure by Loan and Exchange Bank *v.* J.
A. Peterkin, Ross S. McKenzie *et al.*   From order of Cir-
cuit Judge ordering issues out of chancery as to issue of
paramount title, set up by defendant, McKenzie, he appeals.

*Messrs. F. H. Weston* and *Abney & Thomas*, for appel-
lant, cite: *Complaint should have been dismissed as to ap-
pellant:* 25 S. C., 73;  Code, 139.   *Issue should not have been
ordered:* 23 S. C., 392.

*Mr. Allen J. Green*, contra, cites: *Order refusing issues
proper:* 25 S. C., 73.

April 4, 1898.   The opinion of the Court was delivered by
MR. JUSTICE JONES.   The complaint in this case is for
foreclosure of a mortgage, recorded August 16th, 1892, ex-
ecuted July 30th, 1892, by defendant, Peterkin, to plaintiff on
a tract of 5,000 acres in the Congaree River swamp, in Rich-
land County.   Ross S. McKenzie was made a party defend-
ant, under allegation that he "had, or claimed to have, some
interest in or lien upon the mortgaged premises * * * that
arose subsequent to the lien of the plaintiff's mortgage."
McKenzie, in his original answer, set up (1) a general de-
nial; (2) title in himself to 627 acres of said tract, under

deed of Sheriff Cathcart, dated November 4th, 1895; (3) that neither plaintiff, as mortgagee, nor Peterkin, as mortgagor, has any right, title or interest in the said 627 acres; and by amended answer, pursuant to order of the Court, he alleged further (4) that he is in possession of the 627 acres, and claims title in fee thereto; "that his title and possession to said 627 acres is derived from different and independent sources than the defendant, J. A. Peterkin; that long prior to the date of said mortgage, this defendant, his ancestors, predecessors, and grantors, were seized and possessed of said tract of land, claiming and holding the same adversely to the whole world," &c.; (5) that the Court is without jurisdiction to order an issue to be tried upon the title between the parties; and, for a second defense, pleads the statute of limitations. On the call of the case, on motion to refer issues of fact to a jury, Judge Benet passed the following order (omitting recitals): "Ordered, that the following issue be submitted to a jury: Has the defendant, R. S. McKenzie, title to the 627 acres of land described in paragraph 2 of his answer? That in the trial of this issue, the said R. S. McKenzie shall be the actor."

We are asked by appellant, McKenzie, to reverse this order, on exceptions raising the following questions: (1) Should the complaint have been dismissed as to McKenzie? (2) Was it error to order an issue? (3) Was it error to require McKenzie to be actor in such issue? (4) Was the issue ordered in proper form?

As to the first question, the case of *Sale* v. *Meggett*, 25 S. C., 72, settles that when a defendant in a cause in equity raises the question of paramount title in himself, which would defeat the plaintiff's recovery as to him, the complaint should not be dismissed as to him, but that he is entitled to have the issue of title tried by a jury.

As to the second question. It is now neither necessary nor proper to frame an issue out of chancery to be submitted to a jury on an issue of title. The proper practice,

when an issue of title to land is raised in the answer, whether in proceedings to partition land or to foreclose a mortgage thereon, is to order the case to be transferred to the docket for trial of issues of fact by the jury, and the jury must try the question on the issues of fact raised in the pleadings. *McGee* v. *Hall*, 23 S. C., 392; *Reams* v. *Spann*, 28 S. C., 533; *Carrigan* v. *Evans*, 31 S. C., 265; *Capell* v. *Moses*, 36 S. C., 561. In the last mentioned case, Mr. Justice Pope, speaking for the Court, said most explicitly: "Unless a jury trial is waived, actions that involve such issues must be placed on calendar 1 and submitted to the jury; and no interference with such trials, such as framing issues, must be had." This was spoken with reference to an action to partition land, but it applies as well to actions of foreclosure. It applies to any cause in equity wherein is raised the issue of title to land, which, if successful, would defeat plaintiff's recovery as against the party setting up title. It was, therefore, error for the Judge to frame an issue of title.

As to the third question, if it was error to prove an issue at all, of course it was error to make the defendant, McKenzie, the actor in such issue, as this is a mere incident to the principal thing, the ordering of the issue. It may not be out of place to say that plaintiffs, having brought defendant into Court under allegation that he claims an interest in the premises sought to be foreclosed, and the defendant having set up a defense of title paramount and possession of the land prior to the date of plaintiff's mortgage, plaintiff must be the actor in the issue of title. It would be unjust to a defendant in possession of land to compel him to be the actor in an issue as to his title. *Carrigan* v. *Evans, supra*. Besides, plaintiff, in order to become entitled to judgment of foreclosure, *as against the defendant, McKenzie*, claiming possession and title paramount to that of plaintiff's mortgagor, must show that the lien of his mortgage is paramount, and to this end it must show that Peterkin, at the time of the execution of the mortgage, had such title to the land as would enable

him to give a lien thereon superior to the alleged title and possession of defendant. The case of *Daniel* v. *Hester*, 24 S. C., 303, does not conflict with this view. In that case, the defendants did not deny the allegations of the complaint, that they set up some interest in the land "accruing since the execution of the mortgage;" in this case, the defendant does deny a similar allegation by denying every allegation not afterwards admitted in the answer, and by not afterwards admitting it. In that case the suit was to foreclose a mortgage executed September, 1868, suit brought in 1883; hence the allegation in defendant's answer in that case, that they had been in possession of the land for more than ten years, might have been true, and still their title or possession be subordinate to that of the mortgagor; and in that case the Court is careful to say, "Their (defendant's) assertion of title is carefully limited to the present, that they are now seized, &c. This does not necessarily exclude the idea that Hester and his wife had title when they executed the mortgage, &c." In this case the allegation of the answer is, "that his (defendant's) title and possession to the said 627 acres, is derived from different and independent sources than the defendant, J. A. Peterkin, the mortgagor mentioned in the complaint, and that long prior to the date of said mortgage, this defendant, his ancestors, predecessors, and grantors, were seized and possessed of said tract of land, claiming and holding the same adversely to the whole world, &c." The case of *Daniel* v. *Hester*, correctly holds that while an allegation of title in the mortgagor is not *required* in an action to foreclose, yet such allegation is *involved* in the other usual allegations, and the case was treated as if such allegation were in. The answer in that case, because it did not deny the allegation in the complaint that the defendants were claiming some interest accruing subsequent to the mortgage, and because it merely asserted a *present* title in defendants, was treated as new matter, the burden of establishing which was placed upon the party setting it up. In this case, the pleadings are quite differ-

ent, and thereunder plaintiff must prove title in the mort-
gagor in order to oust a party in possession claiming title
paramount.

The question as to the form of the issue as framed, be-
comes immaterial under the views already announced.

The order appealed from is reversed.

MR. CHIEF JUSTICE McIVER, *dissenting.* While I con-
cur in the conclusion that there was error in the order
framing issues out of chancery in a case like this, as is fully
shown by the cases cited in the opinion of Mr. Justice Jones,
I am not prepared to assent to his conclusion, that the plain-
tiff should be the actor upon the trial of the issue presented
by the affirmative defense, set up by the appellant in his
answer. In none of the cases cited is the question as to
who should be the actor considered or decided, except the
cases of *Reams* v. *Spann,* 28 S. C., 530, and *Carrigan* y.
*Evans,* 31 S. C., 262, where it was held that the plaintiffs
should be the actors; and, as I think, very properly so held,
*under the pleadings in those cases;* for in *Reams* v. *Spann,*
the plaintiffs themselves, in their complaint, presented the
issue of title, and, of course, the burden of establishing their
title was on them. In the opening sentence of the opinion
in that case, Mr. Justice McGowan uses this language:
"This was an action to recover real estate, and, incidentally
thereto, to partition the same;" and again he says: "The
plaintiffs * * * brought the action for the double purpose
of first recovering the land from the McRaes, and then
having it partitioned among themselves or sold;" and, in
such an action, the plaintiffs would, necessarily, be required
to establish their title. In *Carrigan* v. *Evans,* the plaintiff,
together with one Pollock, had bought the land at a sale
for foreclosure of a mortgage given by Mrs. Blue to said
Carrigan, and then the plaintiff instituted the action against
his copurchaser, Pollock, for partition, making Evans, the
trustee of Mrs. Blue, a party defendant. Evans, who had
not been made a party to the action for foreclosure, and

who, it was admitted by the pleadings, "is now, and for a
long time has been, in possession of the premises, claiming
title," answered the complaint, denying the plaintiff's title
and claiming title in himself, as trustee, insisted on his
right to retain the possession.    In that case it was very
properly held, under that authority of *Reams* v. *Spann*, that
in the issue as to title, Carrigan should be the actor, the
Court using this language in the opinion: "Evans being in
possession, may remain entirely passive until they, the pur-
chasers, prove their case *upon the formal legal issue made
by them*" (italics mine).    The gist of these two cases is, that
where, in an action for partition (and I suppose the same
would be true in an action for foreclosure of a mortgage of
real estate), the plaintiffs, by their pleadings, present an
issue of title, they must be the actors in the trial of such
issues, "made by them."    But the cases referred to do not
show that where a plaintiff, by his pleadings, presents no
issue of title, and such issue arises out of an *affirmative* de-
fense set up in the answer, the plaintiff must become the
actor, and assume the burden of proof.    On the contrary, it
seems to me, that in such a state of the pleadings the rule
is, that where a defendant, in his answer, sets up an affirm-
ative defense, the burden of proof is always upon him who
pleads such defense, in accordance with the well-settled
doctrine that he who affirms must prove.    This view is sus-
tained by the case of *Daniel* v. *Hester*, 24 S. C., 301. That
was an action for the foreclosure of a mortgage of real estate,
and the plaintiff, finding that the mortgagors had abandoned
the mortgaged premises, and that third persons were in
possession of the same, made those third persons, as well as
the mortgagors, parties defendants.    The mortgagors put
in no answer, but the persons in possession answered, claim-
ing "that they had been in possession of the land for more
than ten years, and 'deny that the mortgagors have any
interest in the premises, and allege that they, the said de-
fendants, are seized in fee thereof.' "    These defendants were
made the actors in the trial of the issue of title thus tendered

16—52

by them in their answer, and, upon appeal, this action of the Court below was sustained. In the opinion I find the following language as to this point: "But who should be the actor in the issue ordered? That must depend upon the inquiry whether the claim of title by these defendants was what is called new matter; that is to say, whether it is analogous to the plea of confession and avoidance, which admits the cause of action alleged did once exist, and alleges subsequent facts which operate to discharge it. The new matter of the Code admits all of the material allegations of the complaint, and consists of facts not alleged therein, which destroy the right of action and defeat a recovery. From what we have already said, it will be seen that, under the pleadings, the title set up by the answering defendants must be regarded as new matter. The plaintiff stated, in the complaint, that the claim of the defendants, whatever it might be, 'accrued after the lien of the mortgage.' This statement was not denied by the answer of the defendants, and the effect of that failure to controvert was to admit the truth of it. 'Every material allegation of the complaint not controverted by the answer shall, for the purposes of the action, be taken as true; but the allegation of new matter in the answer, not relating to a counter-claim, or of new matter in a reply, is to be deemed controverted by the adverse party, as upon a direct denial or avoidance, as the case may be.' Code, sec. 189. We agree with the Circuit Judge who ordered the issue, that, under the pleadings in this case, the answering defendants should be the actors, and prove their allegations of new matter made by them." That case is, it seems to me, conclusive of this. Here the action is for the foreclosure of a mortgage, in which, after the allegations proper for such an action, it is alleged that the appellant has, or claims to have, some interest in, or lien upon, the mortgaged premises, that arose subsequent to the lien of the plaintiff's mortgage; and the appellant, both in his original and in his amended answer, practically admits this allegation when he sets up his deed from the sheriff, executed on

the 4th of November, 1895, long after the mortgage was executed (30th of July, 1892), and after it was recorded (16th of August, 1892). It is true, that in both answers the appellant alleges, in a very similar form to the similar allegation in *Daniel* v. *Hester*, that neither the plaintiff nor the mortgagor, Peterkin, "*have* any right, title or interest in the above described 627 acres," being that portion of the mortgaged premises to which appellant set up a title under the said deed from the sheriff, which, as said in *Daniel* v. *Hester*, does not negative the idea that Peterkin *had* title when he executed the mortgage.

I suppose, however, that the main reliance of appellant is upon the allegations contained in the 4th paragraph of his amended answer; but these allegations are singularly indefinite and somewhat inconsistent. He first says that he "is *now* in possession of the 627 acres," and was in such "possession long *prior to the commencement of this action*," and that his possession and title is derived from sources different from and independent of the mortgagor; but that is not saying that he obtained either title or possession *prior to the execution of the mortgage*, for the mortgage was executed in July, 1892, and this action was commenced four years afterwards, in August, 1896. It is true, that in the same paragraph he proceeds to allege, "that long prior to the date of said mortgage, this defendant, his ancestors, predecessors and grantors, were seized and possessed of said tract of land, claiming and holding the same adversely to the whole world;" and that such possession had been "both before and after the time when said plaintiff and the said Peterkin claim to have acquired title thereto." It seems to me that these allegations are altogether insufficient to show that the appellant acquired either title or possession prior to the execution of the mortgage. Indeed, I think it would be impossible to ascertain, from any of the allegations in the answer, either how or when the appellants claim to have acquired title or possession; and that the only definite allegation therein contained is that he acquired title from Sheriff

Cathcart long after the execution of the plaintiff's mortgage.

While, therefore, I concur in the conclusion that there was no error on the part of the Circuit Judge in refusing to dismiss the complaint, but that there was error in framing issues out of chancery to try the question of title set up by appellant's answer, I cannot concur in the conclusion that, when such issue is to be tried, the plaintiff should be the actor. The true view of the case, in my judgment, is that the action, as originally presented, was one of purely equitable cognizance, to which appellant set up a *legal* defense, as he had a right to do under the Code, and that the two issues should be tried under the pleadings—the one on the law side of the Court and the other on the equity side of the Court, as indicated in *Adickes* v. *Lowry*, 12 S. C., 108, and *McGee* v. *Hall*, 23 S. C., 392. On the trial of the legal issue, which should be tried by a jury unless that mode of trial is waived, set up by appellant's *affirmative* defense, the appellant should be the actor, but in the trial of the equitable issue, the plaintiff should be the actor.