KNOX v. CAMPBELL.

EQUITABLE ISSUES—LEGAL ISSUES—REMEDIES—APPEAL—PRACTICE—
ANSWER—DISCRETION.—The trial Judge may, in his discretion, order
the trial of the equitable issues raised by an answer to a legal action
for possession of land before trial of legal issues, and such order is not
appealable.

Before BUCHANAN, J., Abbeville, October, 1898. Affirmed.

Action by Mrs. S. R. Knox *v.* E. W. Campbell for pos-
session of tract of land.   From an order directing trial of
equitable issues set up by answer, plaintiff appeals.

*Messrs. Graydon & Graydon,* for appellant, cite: 12 S.
C., 108; 19 S. C., 290; 28 S. C., 533; 31 S. C., 262; 15 S.
E. R., 711; 19 S. E. R., 1009; 44 S. C., 119; 52 S. C., 236.

*Messrs. Parker & McGowan,* contra, cite: *Order not ap-
pealable:* Code, 11; 8 S. C., 112; 11 S. C., 134; 4 S. C., 114;
33 S. C., 389.   *On the main question:* 42 S. C., 95; 18 Stat.,
41; 44 S. C., 119; 23 S. C., 392; Code, 276; 33 S. C., 390;
44 S. C., 546; 36 S. C., 562.

June 29, 1898.   The opinion of the Court was delivered by
MR. JUSTICE GARY.   The plaintiff brought this action
to recover possession of a tract of land containing thirty-
five acres.   The defendant admitted that the plaintiff had
title to twenty-one acres thereof, but denied her right to
the remainder of said tract, and set up an equitable defense.
The plaintiff's attorneys had the clerk of the court to docket
the case on calendar one.   The defendant's attorneys there-
after gave notice that they would move the Court to docket
the case on calendar two, for the purpose of having the
equitable defense tried by the Court in the exercise of its
chancery powers.   The motion was granted, whereupon
plaintiff's attorneys gave notice of appeal from said order,
and stated that the case would not be tried during the term.

The defendant's attorneys have raised the preliminary question that said order was not appealable, which question this Court will proceed to consider. Section 276 of the Code directs what cases and issues shall be placed upon the respective calendars. Section 279 of the Code is as follows: "The issues on the calendar shall be disposed of in the following order, *unless, for the convenience of parties or the dispatch of business, the Court shall otherwise direct:* 1. Issues of fact to be tried by jury. 2. Issues of fact to be tried by the Court. 3. Isssues of law" (italics ours). The practice which prevailed before the adoption of the Code, in the trial of legal and equitable issues, is thus stated in section 87 of Pomeroy's Code Remedies: "Another practical effect of removing the distinction between actions at law and suits in equity is shown in the employment of equitable defenses to actions brought to enforce legal rights and to obtain legal remedies. The ancient system knew of no such union, and a thorough-paced lawyer of the old school would have deemed it incestuous. Legal rights set up by the plaintiff must be met in the same action by legal rights set up by the defendant. If the defendant, when prosecuted in an action at law, had an equity which, if worked out, would defeat the recovery, his only mode of redress was to commence an independent suit in chancery, by which he might enforce his equitable right, and in the meantime enjoin his adversary from the further prosecution of the action at law. A single familiar example would illustrate the situation: A has entered into a contract with B to convey to the latter a farm on payment of the price, and lets him into possession. The price is paid in full, so that the vendee is fully entitled to his deed. A, in this position of affairs, commences an action of ejectment to recover possession of the land. By the common law system, B would have no defense whatever to *that* action; the *legal* title is in the plaintiff, and his own right and title to a deed being equitable, were not recognized by courts of law as any defense * * *. The common law provided a means, but it

was cumbrous, dilatory, and expensive. B commences a
suit in the Court of Chancery, sets forth the agreement to
convey, and all the other facts from which his equitable
title arises, alleges the pending ejectment brought by the
vendor, and prays for the proper relief. It is important to
notice the extent and nature of this relief, because it throws
light upon the question which now arises concerning the
doctrine of equitable defenses. The vendee might content
himself with asking and obtaining an injunction, which
would stay the pending ejectment and leave him in posses-
sion undisturbed by that action, but it would plainly not
be a perfect and lasting protection in the future. To end
the matter and to secure himself absolutely, he must ask
and obtain the affirmative remedy of a specific performance,
and a conveyance from A to himself. This being done, he
is armed with the *legal* title and can defend any *legal* action
brought against him by the vendor or his heirs or grantees."

We thus see that, under the old practice, if both the legal
and equitable issues had been pending, the equitable issue
would necessarily have had to be decided before the jury
would have been allowed to pass upon the legal issue. It
was, on the other hand, the practice, before the adoption of
the Code, when a suit was brought in the Court of Equity,
and the question of title arose, either to order an action to
be instituted in the Court of law, or to frame an issue as to
title to be decided by that Court, which had to be deter-
mined before the equitable issues were disposed of. Those
issues were first tried, which rendered unnecessary all fur-
ther proceedings in the case. Since the adoption of the
Code, it is left to the discrecion of the Judge whether the
legal or equitable issues shall first be tried. Code, section
279. In Pomeroy's Code Remedies, section 86, it is said:
"The equitable issues may be tried first and the legal issues
afterwards, or the order may be reversed, as the nature of
the case and the relations of the issues seem to require."

In this case, there was no abuse of discretion on the part
of the presiding Judge, for if he had allowed the legal issues

to be tried first, it might have been that at that very term of Court the action of the jury, if they had decided in favor of the plaintiff, would have been annulled when the equitable defense was tried. It may be that when the equitable defense is decided, the defendant will be clothed with the *legal* title to the land, and it was right and proper for the Circuit Judge to allow him this opportunity before trying the legal issue. As the order did not involve the merits nor deprive the plaintiff of such a right as is mentioned in section 11 of the Code, it was not appealable, and, therefore, the exceptions will not be considered at this time.

It is the judgment of this Court, that the appeal be dismissed.