## DuBOSE v. KELL.

CAUSE OF ACTION—DEEDS—PARTITION—RENTS—WASTE.—A complaint alleging that a tenant in common of a tract of land was weak, infirm and imbecile; that A. had fraudulently obtained a deed to the land from her; purchase by him of interest of other cotentants; execution of deed purporting to convey entire estate; possession of land by A.; receipt by him of rents and profits and committal of waste; seeking to annul the deed, appointment of a receiver, partition and accounting for rents, profits and waste, states only one cause of action.

Before WATTS, J., Chester, November, 1904. Affirmed.

Action by Susan F. DuBose, in her own right and as administratrix of Susan C. Kell, against John A. Kell and others. The plaintiff complaining of the defendant alleges:

"1. That heretofore, to wit: on or about the 24th day of December, 1902, Susan C. Kell, late of the county of Chester, and State of South Carolina, departed this life, seized in fee and possessed of the following described lands and tenements, to wit:

"(1) All that certain tract, parcel or plantation of land, lying, being and situate in the county and State aforesaid, known as the 'Old Kell Home Place,' containing thirteen hundred acres, more or less, and bounded as follows: * * *

"(2) All that certain parcel, tract or plantation of land, situate, lying and being in the county and State aforesaid, known as the Rocky Creek Place, and located * * *

"(3) All that certain parcel, piece or tract of land, lying, being and situate in the county and State aforesaid, known as the Parish Place, containing 100 acres, more or less, and bounded * * * And leaving as her heirs at law, the plaintiff, Sarah F. DuBose, and the defendants, Susan A. Boylston and Eunice R. Cloud.

"2. That the said Susan C. Kell was the wife of B. E. Kell, the elder, also late of said county and State, who predeceased his wife and departed this life on the 8th day of August, 1902, leaving of force his last will and testament,

which was duly admitted to probate by the probate court for Chester County, on the 20th day of September, 1902, and by which will he devised all his property, real and personal, unto his wife, the said Susan C. Kell, for life, and after her death to his nephew, Dr. B. E. Kell, also late of said county and State, and appointed his said nephew, Dr. B. E. Kell, executor of his said will.

"3. That at the time of the marriage of the said B. E. Kell and the said Susan, and up to the time of his death, the said B. E. Kell had no property of his own and no business or occupation which produced any income, but lived with his said wife and upon her property, devoting his entire time to the management and care thereof.

"4. That at the time of her death, and for many years previous thereto, and also previous to and at the time of the death of her said husband, the said Susan C. Kell was in weak bodily health, had lost her mind, was blind and an imbecile, and was attended during this time by the said Dr. B. E. Kell, her said husband's nephew, as her physician, and during the last few years of her life she was placed by the said Dr. B. E. Kell and her said husband under the control and in the care of relatives and friends, who kept her under restraint and away from her home, under the directions of her said husband and the said Dr. B. E. Kell.

"5. That upon information and belief, plaintiff alleges that the said Susan C. Kell left her will of force, by which she devised the whole of her estate, both real and personal, to her husband, the said B. E. Kell, but that said will was never probated or put on record, and if the same exists, plaintiff avers it is inoperative and ineffectual to pass any estate or interest in the said lands hereinabove described to the said B. E. Kell, her husband, by reason of the fact that the said B. E. Kell predeceased the said Susan C. Kell, the testatrix, and the devises and legacies therein named lapsed.

"6. That after the death of the said B. E. Kell, the said Dr. B. E. Kell, who was the nephew of the said B. E. Kell, the elder, and his executor, and had for a number of years

14—72

and ever since he was a boy resided in the family of the said B. E. Kell, took possession of all of the property, real and personal, of the said Susan C. Kell, and managed and controlled it, ostensibly for her benefit and in her behalf.

"7. That upon information and belief, plaintiff alleges that shortly after the death of his said uncle, and while the said Dr. B. E. Kell was in possession and control of all of the property, real and personal, of the said Susan C. Kell, and while the said Susan C. Kell was an imbecile and in weak bodily health and confined at the house of one W. C. Brown, away from her home and where she had been placed for that purpose by the said Dr. B. E. Kell and his said uncle, the said Dr. B. E. Kell, being at the time the physician of the said Susan C. Kell, and well knowing her to be incapable of attending to any business or understanding the same, fraudulently obtained from the said Susan C. Kell a deed conveying to himself all the property, real and personal, which the said Susan C. Kell owned or was entitled to; which said alleged deed has never been put on record, but is referred to by the said Dr. B. E. Kell as dated October 27th, 1902; and if the same exists, this plaintiff alleges it to have been obtained while the grantor was under duress, while she was an imbecile and incapable of legally executing the same, and that the same is without consideration, fraudulent, null and void, and should be set aside.

"8. That upon information and belief, plaintiff alleges that after the death of the said Susan C. Kell, the said Dr. B. E. Kell continued in possession of the said lands of the said Susan C. Kell, hereinbefore described, and that shortly before his death, to wit: on or about the 9th day of September, 1903, the said Dr. B. E. Kell purchased the interest of the said Susan A. Boylston and of the said Eunice R. Cloud, as heirs at law of the said Susan C. Kell, in and to the said lands hereinabove described, their said interests being one-third (1-3) undivided interest therein each, taking conveyance of the said interest of Susan A. Boylston to himself, and of the interest of the said Eunice R. Cloud to his sister,

the defendant, C. Cloud Kell, but that none of said deeds have been put on record.

"9. Upon information and belief, plaintiff alleges that the said Dr. B. E. Kell died on October 30th, 1903, and that shortly before his death he executed a conveyance, upon the consideration of love and affection, by which he attempted to convey all of said lands to his brothers and sisters, the defendants, John A. Kell, W. R. Kell, S. H. Kell, D. H. Kell, T. G. Kell, C. Cloud Kell and Eunice Sarah Kell, which said deed was not recorded until November 20th, 1903, and which deed, if valid, is effectual to pass only the one-third interest in the said lands conveyed, as this plaintiff is informed, by the said Susan A. Boylston to the said Dr. B. E. Kell.

"10. That plaintiff, in her own right, and the said defendants, John A. Kell, W. R. Kell, S. H. Kell, D. H. Kell, T. G. Kell, C. Cloud Kell and Eunice Sarah Kell, are tenants in common of the aforesaid premises, the shares of each therein being as follows: Plaintiff is entitled to one-third (1-3) undivided interest therein in fee, and the defendant, C. Cloud Kell, to eight-twenty-first (8-21) interest therein, and each of the following defendants to one twenty-first (1-21) undivided interest therein, to wit: John A. Kell, W. R. Kell, S. H. Kell, D. H. Kell, T. G. Kell and Eunice Sarah Kell.

"11. That the plaintiff and the said defendants, John A. Kell, W. R. Kell, S. H. Kell, D. H. Kell, T. G. Kell, C. Cloud Kell and Eunice Sarah Kell, own no other lands in common in this State, so far as plaintiff is informed and believes and advised, but this plaintiff alleges that the said Susan C. Kell owned a life estate only in the following described lands and tenements, situate, lying and being in the said county and State, to wit: * * * which said lands plaintiff alleges, upon the death of the said Susan C. Kell, passed to this plaintiff and her sisters, the defendants, Susan A. Boylston and Eunice R. Cloud, as tenants in common, and as such they are each entitled to one-third (1-3)

undivided interest thereof in fee, and that the plaintiff and the said Susan A. Boylston and Eunice R. Cloud own no other lands in common in this State, so far as plaintiff is informed or believes.

"12. That on the 19th day of September, 1903, plaintiff was duly appointed administratrix of the estate of the said Susan C. Kell, and that all claims against the said estate that have been presented to this plaintiff have been paid, and there are now outstanding against the said estate no debts, so far as this plaintiff is informed.

"13. Upon information and belief, plaintiff alleges that shortly after the death of the said Susan C. Kell, the said Dr. B. E. Kell, being in possession and control of all of the said lands hereinabove described, and of the stock, farming utensils and implements, provender and stock of grain, etc., thereon, and belonging to the said estate, rented the said home place, together with the stock, provisions, farming implements and machinery thereon, to one Wm. A. Gladden, for the year 1903, at and for the rental of one-half of all the crops raised upon the said lands, and that the said Dr. B. E. Kell also rented out the remainder of the lands which the said Susan C. Kell owned, including the said Fishing Creek place, the rental upon which said Fishing Creek place amounted to, as this plaintiff is informed and believes, six bales of cotton; and that the defendants, the brothers and sisters of the said Dr. B. E. Kell, collected and received and appropriated to their own use the entire rents from the said lands, and plaintiff avers that they should account and pay over to this plaintiff her proper share or proportion thereof.

"14. Upon information and belief, plaintiff alleges that all of the defendants, the brothers and sisters of the said Dr. B. E. Kell, deceased, are non-residents of this State and all reside in the State of North Carolina, except the defendant, W. R. Kell, who resides in the State of Mississippi, and that the said defendants own no other property in this State other than their interest in the said estate of

the said Susan C. Kell, and that despite the notice in writing given by this plaintiff to the tenants upon the said lands not to pay over the said rents for the year 1903 to the said defendants, the said defendants, or their agents, came down with their wagons from North Carolina, and seized and carried away all of the rents for the year 1903, and took them out of this State, and if permitted to make away with the rents for the present year, which are fast accruing, this plaintiff will suffer irreparable loss and injury.

"15. Upon information and belief, plaintiff alleges that for a number of years there has not been upon the said Home Place of the said lands hereinabove described, more than enough wood-land and timber for the ordinary purposes and keeping of said plantation, and that despite this fact, the said defendants, the brothers and sisters of the said Dr. B. E. Kell, have suffered a tenant upon the said place to erect and run a saw mill and to cut and saw up a considerable quantity of the said timber and the same, or a large portion thereof, to sell and dispose of and to commit waste upon the said Home Place.

"16. Upon information and belief, that a reasonable and fair rental value of the said Home Place is about thirty-five bales of cotton, weighing 500 pounds each, per annum, but that the said defendants, the brothers and sisters of the said Dr. B. E. Kell, now deceased, have rented the said Home Place to the said Wm. A. Gladden for the year 1904 for only twenty bales of cotton, and that the said lands are not being rented for their full value, whereby this plaintiff is suffering irreparable injury.

"Wherefore plaintiff prays,

"1. That a receiver be appointed to take charge of the said lands and to preserve and manage the same pending the final determination of this action, and to preserve the same from waste, to collect the rents accruing therefrom, pay the taxes thereon, to procure tenants for the same for the ensuing year, and that in the meantime the said Wm. A. Gladden and the other tenants upon the said lands be

enjoined and restrained from committing any waste thereon, and from paying over the rents for the present year to the defendants or any of them, or to any person other than the said receiver, so to be appointed.

"2. That the deed alleged to have been made by the said Susan C. Kell to the said Dr. B. E. Kell be declared null and void, and that the same be delivered up to be cancelled.

"3. That the said defendants, John A. Kell, W. R. Kell, S. H. Kell, D. H. Kell, T. G. Kell, C. Cloud Kell and Eunice Sarah Kell, do account to this plaintiff, and pay over to her one-third of all of the rents arising from the said lands for the year 1903 and of such portion of the rents for 1904 as the said defendants may have received.

"4. That the said lands be partitioned between the plaintiff in her own right and the several defendants in the proportions as hereinbefore alleged, or in case that should be found impracticable, that the said lands be sold under the order of this Court and the proceeds thereof be divided between the plaintiff and the several defendants as the interests of said parties shall be determined.

"5. For such other and further relief as plaintiff may be entitled to, and for the costs of this action."

From order refusing motion to make complaint more definite and certain by stating causes of action separately, defendants appeal.

*Messrs. J. H. Marion, Glenn & McFadden* and *Caldwell & Gaston,* for appellants. *Mr. Marion* cites: *Plaintiff seeks to vindicate two primary rights:* Pom. R. & R., secs. 452, 459; 34 S. C., 273. *If complaint states more than one cause of action, motion should have been allowed:* 24 S. C., 39; 15 S. C., 10; 34 S. C., 270; 27 S. C., 623; 44 S. C., 143; 48 S. C., 179; 51 S. C., 495; 43 S. C., 22; 68 S. C., 257; 70 S. C., 113; Pom. R. & R., secs. 447, 451; Code of Proc., 181, 188.

*Messrs. Halcot P. Green* and *Henry & McLure,* contra.

*Mr. Green* cites: *What is a cause of action?* 9 S. C., 452; Pom. R. & R., secs. 554-5; 17 S. C., 410; 50 S. C., 67; 13 S. C., 324; 49 S. C., 95; 48 S. C., 165; Pom. R. & R., sec. 453; 43 S. C., 267.

July 28, 1905. The opinion of the Court was delivered by Mr. Justice Woods. The defendants made a motion to require the complaint to be made more definite and certain "by setting out each cause of action contained in said complaint separately, duly and distinctly denoted and numbered as such, and each containing a plain and concise statement of the facts constituting such cause of action, without redundancy or unnecessary repetition." The appeal is from an order refusing the motion on the ground that only one cause of action was stated in the complaint. There is no room for doubt as to the correctness of the view of the Circuit Judge. In brief, the complaint alleges: Mrs. Kell's ownership of the land described, her death leaving as her heirs the plaintiff, the defendants Mrs. Boylston and Miss Cloud, the imbecility of Mrs. Kell, the control of Dr. B. E. Kell over her and his fraudulent procurement of a deed from her conveying to him all her property; the purchase after Mrs. Kell's death of the interests of Mrs. Boylston and Miss Cloud by Dr. Kell; the execution by Dr. Kell of a deed, in consideration of love and affection, to certain of the defendants, his brothers and sisters, who are non-residents, purporting to convey the entire land, but in reality only conveying the one-third interest acquired by him from Mrs. Boylston and Miss Cloud; the possession by the defendants of the land since the death of Dr. Kell, the receipt of the rents and profits, and the commission of waste by them. The relief sought is the annulling of the deed from Mrs. Kell to Dr. B. E. Kell, the appointment of a receiver, partition, and account for rents and profits and waste.

The facts alleged, if proved, will establish but one primary right of the plaintiff, namely: ownership of an interest in the land as tenants in common with the defendants; they

will establish but one primary wrong of the defendants, namely: the withholding of the plaintiff's interest in the land from her by means of an alleged fraudulent deed. The right of the plaintiff to have her primary right of ownership of an interest in the land cleared from the obstruction of a fraudulent deed, the right to partition, the right to rents and profits, and to compensation for waste, are all subordinate rights included in the primary right of ownership. The primary wrong of the defendants is the obstruction of the plaintiff's right to enjoy the ownership of her interest in the land; and the fraudulent deed, the withholding of her share of the rents and profits, and the waste committed by them, are only methods employed in accomplishing the primary wrong, and are included in it. Pomeroy's Code Remedies, sec. 455; *Threatt* v. *Brewer Mining Co.,* 49 S. C., 95, 26 S. E., 970; *Smith* v. *Smith,* 50 S. C., 65, 27 S. E., 545.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.