### DuBOSE v. KELL.

1. ISSUES—FRAUD—PRACTICE.—In an action to set aside a deed for fraud, for partition and to stay waste, the defendants setting up title, plaintiff having put case on Calendar 2 for trial, it is proper to try equity issue of fraud first.

   *Bank* v. *Peterkin, 52 S. C., 236, distinguished from this.*

2. THE RIGHT TO PARTITION OR TO STAY WASTE is dependent upon result of issue of title, which must be tried before decree as to these matters can be made.

3. FRAUD—REAL PROPERTY.—Party claiming land of which he is not in possession, may maintain action in equity to cancel fraudulent deed under which defendant claims it and withholds possession.

4. REHEARING refused.

Before MEMMINGER, J., Chester, July, 1906. Affirmed.

Motion in case of Sarah F. DuBose, in her own right, and as admx. of Susan C. Kell against John A. Kell et al. From order refusing motion, defendants appeal.

*Messrs. J. H. Marion, Glenn & McFadden and Caldwell & Gaston for appellant... Mr. Marion cites: As to right of defendants to have issue of title submitted to jury:* 12 S. C., 108; 16 S. C., 333; 18 S. C., 232; 19 S. C., 286; 22 S. C., 320; 23 S. C., 392; 25 S. C., 589, 72; 27 S. C., 418; 28 S.

C., 533; 31 S. C., 265; 36 S. C.,.561; 52 S. C., 237; 6 Cyc.,
287, 292; 6 Ency., 156; 24 Ency., 638, 639; 62 N. Y., 462,
467; 47 Miss., 402. *Plaintiff could try the issue of fraud
on calendar I in trial of title set up by defendant:* 72 S. C.,
382; 22 S. C., 321; Pom. Rem. & Rem. Rights, sec. 80; 17
N. Y., 270.

*Messrs. Halcott P. Green* and *Henry* and *McClure,* con-
tra.  No argument furnished Reporter.

The opinion in this case was filed February 18, 1907, but
remittitur held up on petition for rehearing until

March 15, 1907.  The opinion of the Court was deliv-
ered by

Mr. Justice Gary.  This is the second appeal herein;
the first is reported in 72 S. C., 208, 51 S. E., 692.

The cause having been docketed by the plaintiff on calen-
dar 2, the defendants made a motion for an order transfer-
ring the cause to calendar 1, for the trial of the issue of title
raised by the pleadings.

After setting forth his reasons, his Honor, the presiding
Judge, in conclusion, said: "It seems to me that to transfer
the cause to Calendar No. 1 at this stage of the case would
be both cumbersome and premature, but that the cause
should be heard first upon Calendar No. 2, and accordingly
as may be the result of that trial upon the equitable issues
involved and determined, it then be transferred to Calendar
No. 1 for trial, of the issues upon which there must be a
jury trial, unless waived, as above indicated, or ended, as
the case may be.  I cannot hesitate, therefore, to hold that
the motion herein under consideration must be refused."

The defendants appealed from said order, on the ground
that the cause should have been placed on Calendar 1 for
the trial of the issue of title.

The complaint is fully set out in the report of the former
appeal, and in brief alleges: Mrs. Kell's ownership of the

land described, her death leaving as her heirs the plaintiff, the defendants, Mrs. Boylston, and Miss Cloud, the imbecility of Mrs. Kell, the control of Dr. B. E. Kell over her, and his fraudulent procurement of a deed from her conveying to him all her property; the purchase after Mrs. Kell's death of the interests of Mrs. Boylston and Miss Cloud by Dr. Kell; the execution by Dr. Kell of a deed, in consideration of love and affection, to certain of the defendants, his brothers and sisters, who are non-residents, purporting to convey the entire land, but in reality only conveying the one-third interest acquired by him from Mrs. Boylston and Miss Cloud; the possession by the defendants of the land since the death of Dr. Kell, the receipt of the rents and profits, and the commission of waste by them. The relief sought is the annulling of the deed from Mrs. Kell to Dr. B. E. Kell on the ground of fraud.

The defendants, after denying certain facts set out in the complaint, allege that they "are the owners and in possession of said premises as grantees of Dr. B. E. Kell, deceased, who at the time of said grant to said defendants was seized in fee and possession of all the said real estate.

"(1.) As devisee under the will of B. E. Kell, deceased, the said B. E. Kell, deceased, being at the time of his decease the owner in fee and in possession of said realty, (a) under and by virtue of a grant from Susan C. Kell to J. H. McMurray, and grant of J. H. McMurray to B. E. Kell; and, (b) under and by virtue of certain other grants of the said Susan C. Kell to the said B. E. Kell.

"(2) As grantee of a certain quit-claim deed of Susan C. Kell to Dr. B. E. Kell, executed for the purpose of confirming and putting beyond question, the title of the said B. E. Kell."

It will thus be seen that both equitable and legal issues were raised by the pleadings.

Section 279 of the Code is as follows: "The issues on the

calendar shall be disposed of in the following order, unless, for the convenience of parties or the dispatch of business the Court shall otherwise direct:

"1. Issue of fact to be tried by a jury.

"2. Issues of fact to be tried by the Court.

"3. Issues of Law." (italics ours).

This section was construed in the case of *Knox* v. *Campbell,* 52 S. C., 461, 30 S. E., 485, and the Court ruled that since the adoption of the Code, it is left to the discretion of the presiding Judge, whether the legal or equitable issues shall first be tried. The Court, in that case, quoted with approval, the following from section 86 of Pomeroy's Code Remedies: "The equitable issues may be triel first and the legal issues afterwards, or the order may be reversed, as the nature of the case and the relations of the issues seem to require."

It is true, the Court announced the principle in the case of *Bank* v. *Peterkin,* 52 S. C., 236, 29 S. E., 546, that the proper practice, when the answer raises an issue of title, in an action to foreclose a mortagage on land, is to order the cause transferred to calendar 1, in order that the issue of title may be tried by a jury on the pleadings, and not upon a special issue framed by the Court; and, that this applies to any cause in equity, wherein is raised the issue of title to land, which, if successful, would defeat the plaintiff's recovery against the party setting up title.

We do not, however, regard the case under consideration, as falling within the principle announced in the case just mentioned. The reason for the practice announced in *Bank* v. *Peterkin,* is that it would be useless to proceed with the trial of the equitable issue, if the defendant's paramount title should be sustained when submitted to the jury.

Although fraud is peculiarly a matter of equitable cognizance, nevertheles the jurisdiction of the Courts of law and equity is concurrent. *Miller* v. *Hughes,* 33 S. C., 530, 12 S. E., 419. Therefore, whether the equitable or the legal

issues are tried first, it will be necessary in that trial to determine the question of fraud.

As the trial of the issue of title first will not dispense with the necessity of determining the question of fraud, there was no abuse of discretion, in according to the plaintiff the mode of trial, in the first instance, which she had elected to pursue, and which, if she should be successful, would place her in a better position to assert her rights on the law side of the Court.

Of course, after the equitable issues are disposed of, the defendants will still have the right of a trial by jury, upon the issue of title.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

March 15, 1907. Order refusing petition for rehearing was made by

Mr. Justice Gary. This is a petition for a rehearing in which the first ground submitted is, that "the effect of the order of the Circuit Judge, appealed from herein and affirmed by this Court, is to hold that the Court of Equity has power to partition and to stay waste upon land, in and to which the plaintiff has absolutely no interest or title."

The record shows that the cause was docketed by the plaintiff on Calendar 2, and that the motion made by the defendants was for an order transferring the cause to Calendar 1, for the trial of the issue of title raised by the pleadings, which motion was refused. By reference to the opinion of this Court it will be seen, that this order was affirmed solely on the ground that there was no abuse of discretion in according to the plaintiff the mode of trial, which she had elected to pursue, for the determination of the question of *fraud*. The right to partition the land and to stay waste is dependent upon the result of the trial by jury of the legal issues, and there should not, of

318                         DuBose *v.* Kell.

course, be a decree for partition or to stay waste until the
legal issues are disposed of. The question of fraud, how-
ever, stands upon a different footing, for the reasons stated
in the opinion.

The next ground relied upon by the petitioners' attorneys
is, that the plaintiff is not entitled to the equitable aid of the
Court, in cancelling the deed for fraud, for the rea-
son that she was not in possession of the land when
the action was commenced.

In the case of *Sires* v. *Sires,* 43 S. C., 266, it was decided
that a tenant in common, not in possession, may maintain
an action against a co-tenant to set aside, as fraudulent, a
deed under which the defendant claims that he is the sole
owner of the property, and in the same action may demand
partition—the question of title asserted by the defendant
being triable by jury. The Court in that case used this lan-
guage, at page 273: "The appellant contends that the pre-
siding Judge was in error in not holding that possession on
the part of the plaintiff was necessary to sustain the action
herein;" and then quotes, with approval, the following lan-
guage from the case of *Miller* v. *Hughes,* 33 S. C., 541, 12
S. E., 419: "The foundation of a cause of action in such a
case is fraud, and if the plaintiff, after alleging the fraud,
makes further allegations showing that his rights are im-
paired or destroyed by the perpetration of the fraud, then
he states a cause of action. Of course, the mere fact that
his debtor has perpetuated a fraud, even of the grossest char-
acter, gives him no cause of action; but when he alleges
other facts tending to show that his rights are injuriously
affected by such fraud, then he states a complete cause of
action, which, if established, will entitle him to relief. But
fraud is peculiarly a matter of equitable cognizance, and
when fraud is alleged, and the further allegation is made
that such fraud is injurious to the creditor's rights, it seems
to us that a Court of Equity has jurisdiction of such a case.
In such a case the creditor does not ask the aid of the Court
of Equity, upon the ground that he can obtain no relief at

law, but his claim to the aid of equity is based upon the fraud which has been practiced upon him, and from which the Court of Equity has jurisdiction to relieve him. It is not universally true that a plaintiff must show that he has no plain adequate remedy at law before he can invoke the aid of a Court of Equity, for there are some cases in which the jurisdictions are concurrent, and fraud is one of those matters. * * * It is further urged, that the claim of the plaintiffs being a plain legal demand, should first be established by a judgment at law, before the aid of equity can be invoked. Whatever embarrassments this might have offered under our former system of judicature, when law and equity were administered by different tribunals, cannot be felt now under our present system, especially after the Code has provided that both legal and equitable causes of action may be united in the same complaint. We do not see, therefore, why the plaintiffs may not demand judgment for the amount alleged to be due them on the law side of the Court, and in the same action ask relief on the equity side from the fraud which they allege will render their action fruitless."

This ground must, therefore, be overruled.

The appellant lastly contends that an insuperable obstacle to cancellation of the deed for fraud is, that it appears upon the face of the pleadings, that the alleged fraudulent deed is not a cloud upon title, because, even if set aside, plaintiff would not have a valid title to the land, as other sources of title besides said deed, are set out in the answer.

There would be much force in this argument, if the pleadings showed that the plaintiff admitted that the defendants could rely successfully, upon the other sources of title, in case the deed was cancelled. The language heretofore quoted from the case of *Miller* v. *Hughes,* 33 S. C., 541, shows that a complaint states a complete cause of action, when it alleges fraud, and that the rights of the plaintiff are thereby injuriously affected. In the case under consideration the plaintiff not only alleges that the deed was fraudulent, but that her rights were thereby injuriously affected.

She, therefore, had the right to invoke the aid of the Court in the exercise of its chancery powers. In an action for partition wherein it is alleged, that the plaintiff and the defendants are co-tenants of the land, the Court is not divested of its equitable jurisdiction, by reason of the fact that the defendants plead paramount title. *Albergotti* v. *Chaplin,* 10 Rich. Eq., 428.

Therefore, the Court in the exercise of its equitable jurisdiction, had the power to determine any matters of equitable cognizance, not dependent upon the result of the trial of the legal issues. It cannot be successfully contended that the question of fraud was dependent upon such result, as the object of its adjudication before the issue of title was tried by a jury was merely to clothe the plaintiff with the legal title, in order that she might be prepared to contend with the defendants in the Court of law, with an additional legal weapon.

After careful consideration, this Court is satisfied that no material question of law or of fact has either been overlooked or disregarded.

     It is, therefore, ordered that the petition be dismissed, and that the order heretofore granted staying the remittitur be revoked.

*The Chief Justice and other Justices concur.*