### 7159

### LYLES v. KINARD.

CAUSE OF ACTION.—A complaint against two persons alleging plaintiff had placed in the possession of one defendant a horse to be sold for cash, that he sold the horse to his co-defendant for a small amount of cash, balance of purchase price being paid by debt due his co-defendant by him and demanding judgment against both for value of horse, states only one cause of action.

Before GARY, J., Richland, April, 1908. Reversed.

Action by Mary E. Lyles against J. M. Kinard and Watson & Tompkins. From order requiring plaintiff to make her complaint more definite, she appeals.

*Mr. E. L. Craig,* for appellant, cites: *Plaintiff has cause of action against both defendants:* 1 Ency., 1174; 65 N. H., 192. *Only one cause of action is stated:* Pom. R. & Rem., sec. 457; 52 S. C., 492; 53 S. C., 186; 60 S. C., 521; 72 S. C., 25; 29 Cyc., 1514; 11 How. Pr., 446. *Merits are involved:* 65 S. C., 226.

*Mr. J. Wm. Thurmond,* contra, cites: *If complaint states two causes of action, order is proper:* 24 S. C., 42; 43 S. C., 224; 44 S. C., 64, 576; 52 S. C., 492. *Notice need not state particulars:* 51 S. C., 497; 48 S. C., 182.

April 13, 1909.  The opinion of the Court was delivered by

MR. JUSTICE WOODS.  The defendants, H. C. Watson and W. C. Tompkins, copartners trading as Watson & Tompkins, contending that the plaintiff had blended two causes of action, one against the defendant Kinard and the other against Watson & Tompkins, made a motion to require the complaint to be made more definite and certain by the statement of the alleged causes of action against the defendants separately.  The Circuit Judge took the defendant's view and granted the motion.  The plaintiff appeals.

We think only one cause of action is stated in the complaint and that the motion should have been refused.  The complaint alleges: "That heretofore, to wit, on the —— day of December, 1907, the plaintiff was the owner of a certain bay mare of the value of one hundred and fifty dollars ($150), which she was desirous of selling, and for that purpose put it into the hands of the defendant J. M. Kinard, then the manager of Martin's Livery Stables, in the city of Columbia, authorizing and directing him to sell the same for her account.

"That this plaintiff is informed and believes that the said J. M. Kinard offered to sell the said mare to the defendants, Watson & Tompkins, but without the knowledge and approval of this plaintiff agreed to allow the said Watson & Tompkins a credit on account of said purchase a certain bill that was then due by the said J. M. Kinard to the said Watson & Tompkins, which said agreement was entirely without the knowledge or authority of this plaintiff, the said horse being put in the hands of said J. M. Kinard for sale for cash, and in pursuance of said agreement between said Kinard and said Watson & Tompkins, the said mare was turned over to said Watson & Tompkins, who thereafter, as this plaintiff is informed and believes, sold the said bay mare to some person unknown to this

plaintiff and offered to pay over to the said Kinard a small sum of money, which is alleged to be the difference between the supposed figure at which the said mare was sold and the amount due by the said J. M. Kinard to the said Watson & Tompkins, which transaction was wholly without the authority or consent of the plaintiff, and the defendants now neglect and refuse to pay over to this plaintiff the value of the said mare sold."

The only primary right of the plaintiff stated in the complaint is the right to have the value of her bay mare which the defendant Kinard was authorized to sell as her agent for cash. The only primary wrong of the defendants is, the sale of the mare by Kinard in violation of his contract to sell as agent of the plaintiff for cash, and the alleged participation of Watson & Tompkins in Kinard's breach of his contract. The allegation that Watson & Tompkins paid a part of the purchase price by allowing credit to Kinard on a debt due to them is nothing more than an allegation of the method by which the primary wrong was accomplished. *DuBose* v. *Kell,* 72 S. C., 208, 51 S. E., 692; *Wright* v. *Willoughby,* 79 S. C., 438, 60 S. E., 971.

If the complaint does not allege facts sufficient to constitute a cause of action against the defendants, Watson & Tompkins, the remedy is by demurrer. On that point we express no opinion.

The judgment of this Court is, that the judgment of the Circuit Court be reversed.