## 9930

### OLIVER *ET AL.* v. McWHIRTER *ET AL.*

(96 S. E. 140.)

1. TRIAL—DIRECTED VERDICT—CONFLICTING EVIDENCE.—Where the evidence is conflicting, and subject to more than one reasonable inference, it is error to direct a verdict.

2. JURY—DIRECTION OF VERDICT—EQUITABLE PLEA.—In an action to recover possession of land, it was error for the Court to direct a verdict for defendants on the ground, among others, of purchase for valuable consideration without notice, such a plea being equitable in its nature, and the action to recover possession of land being triable by a jury, unless a decision of equitable issues renders unnecessary the trial of legal issues.

3. TRIAL—ORDER OF TRIAL OF ISSUES.—When the pleadings present both legal and equitable issues, those should be tried first that are likely to result in a final judgment, and render unnecessary the consideration of the other issues.

4. TRIAL.—ORDER OF TRIAL OF ISSUES.—In an action to recover posses-
sion of land, it was error for the Court, in the exercise of its dis-
cretion, by directing verdict for defendant, to decide the legal issue
as to plaintiff's title before disposing of the equitable defense of pur-
chaser for value without notice in the manner provided by law; that
is, by the Court.

Before PEURIFOY, J., Union, Fall term, 1916. Reversed.

Action by Mrs. N. C. Oliver and others against C. M.
McWhirter and others. From a judgment for defendants,
plaintiffs appeal.

*Messrs. A. C. Mann, Leon L. Rice* and *John K. Hamblin,*
for appellants, cite: *As to validity of a deed of conveyance
of real estate having but one witness:* 87 S. C. 388; 9 S. C.
269; 24 S. C. 595; 27 S. C. 201; 34 S. C. 401; 54 S. C. 394;
69 S. C. 78; 5 Rich. 545; 95 S. C. 479; 102 S. C. 395; 91
S. C. 185; 98 S. C. 260; 27 S. C. 205. *As to the estate con-
veyed by deed of the executors:* 102 S. C. 240; 23 S. C. 238;
67 S. C. 130; 86 S. C. 450; 91 S. C. 293; 42 S. C. 342; 12
L. R. A. 956 (N. S.), and note; 85 S. C. 182; Tiffany on
Real Property, vol. I, p. 604; Code 1912, vol. I, sec. 3684;
11 R. C. C. 400; 68 S. C. 270. *As to notice:* 103 S. C. 96;
104 S. C. 382.

*Messrs. Wallace & Barron* and *J. Ashby Sawyer,* for
respondents, cite: *As to deed with only one subscribing wit-
ness being a valid deed to convey land:* Vol. I, Code of 1912,
sec. 3453; Cheves Reports 270; Cheves Reports 272; 1
McM. 373; 21 S. C. 212; 13 Cyc. 558; 29 S. C. 172; 9 S. C.
265. *As to construction of deed:* 2 Strob. Eq. 101; 17 S. C.
352; 11 Rich. 515; 6 Rich. 54; 1 Hill Ch. 265; 48 S. C.
316; 57 S. C. 173; 93 S. C. 569; 91 S. C. 59; 102 S. C. 233;
83 S. C. 562; 106 S. C. 304; 95 S. C. 32; 76 S. C. 36; 5
Rich. Eq. 356; 83 S. C. 266. *As to notice to purchasers:*
Vol. I, Code of Laws of 1912, sec. 3543; 29 S. C. 148; 86
S. C. 56; 23 Am. & Ency. L. (2d Ed.) 477; 99 S. C. 265;
1st McMullin 375-376; 86 S. C. 56; 28 S. C. 223.

March 20, 1918.

The opinion of the Court was delivered by Mr. CHIEF JUSTICE GARY.

This action was commenced on the 14th of January, 1914, to recover possession of a house and lot, in Jonesville, S. C., and for partition among the plaintiffs and the defendant, Mrs. H. H. Williams.

William Price departed this life in 1886, leaving of force a last will and testament, which was admitted to probate in Richland county, during that year, containing, among others, this provision:

"I will and bequeath to William C. Pennington, Benjamin F. Pennington, Maria E. Anderson and Isabella C. Hair, to each $1,000 worth of real estate in value, during their natural lives, and after their decease, to revert and go to their lawful children."

On the —— day of ——, 1887, Joseph R. Price and Isabella M. Burns, as executor and executrix of William Price's will, commenced an action in the Court of Common Pleas for Lexington county, alleging:

"That William Price owned a large tract of land in Lexington county, and that the purpose of said action was to determine whether it was his intention for the legatees to take this specific land under the will or whether the land should be sold, and the sum of $1,000 invested in land under the same condition."

William J. Assman was appointed special referee to hear and determine all questions raised by the pleadings, and especially to inquire and report as to what would be for the best interest of the infant remaindermen with respect to the devises made to them under the will of the said testator. The special referee made his report with the following recommendation in regard to the rights of B. F. Pennington and his children:

"For the defendant, B. F. Pennington, a lot of land with a dwelling thereon, in the town of Jonesville, in Union county, in which he has been living for a term of years, has been purchased at a price of $1,000, and the plaintiffs now hold title for the same, and are ready to convey the property to the use of the said B. F. Pennington, in accordance with the terms of the will."

This report was confirmed and made the judgment of the Court by an order signed by his Honor, Judge Kershaw, on the 29th day of February, 1888. On the 21st of February, 1887, B. F. Pennington purchased from Charles R. Long the said house and lot. The deed was regular in form so as to convey the fee, and was duly recorded. On the 10th of February, 1888, B. F. Pennington executed a deed regular in form in every respect, except that there was only one subscribing witness, purporting to convey the fee to Joseph R. Price and Isabella M. Burns. This conveyance was not recorded. On the 7th of March, 1888, Joseph R. Price and Isabella M. Burns executed the following deed signed, sealed and delivered in the presence of two subscribing witnesses:

"The State of South Carolina, know all men by these presents, that we, Joseph R. Price and Isabella M. Burns, in pursuance of the judgment of the Court of Common Pleas in and for the county of Lexington, entitled 'Joseph R. Price, executor, and Isabella M. Burns, executrix, of the will of William Price, deceased, against William C. Pennington and other,' and in consideration of the sum of $1 to us paid by Benjamin F. Pennington, the receipt whereof is hereby acknowledged, have granted, bargained, sold and released and by these presents do grant, bargain, sell and release unto the said Benjamin F. Pennington, all that piece, parcel or lot of land situate, lying and being in the town of Jonesville. * * * Together with all and singular the rights, members,

hereditaments and appurtenances to the said premises belonging, or in any wise incident or appertaining; to have and to hold all and singular the premises before mentioned unto the said Benjamin F. Pennington, his heirs and assigns for and during his natural life, and after his decease to revert and go to his lawful children, and we do hereby bind ourselves and our heirs, executors and administrators to warrant and forever defend all and singular the premises, unto the said Benjamin F. Pennington, his heirs and assigns, against us and our heirs lawfully claiming or to claim the same or any part thereof."

The defendants denied the material allegations of the complaint and set up the following defense:

"That J. L. McWhirter, their father, acquired title to the land described in the complaint by conveyance made by the master of this Court, under a decree for the sale thereof, under foreclosure of a mortgage given by B. F. Pennington, which carried the fee simple title. That defendants' said ancestor took all the rights, privileges, immunities, interest, and estate of the mortgagor in said mortgage, and acquired the absolute fee simple title to said land against the plaintiffs and all the world, as purchasers, from one who purchased without notice of plaintiffs' alleged rights under the deed set out; and defendants pleaded the same in bar of this action."

The defendants also set up a claim for betterments, in case it should be decided that they were not entitled to the land.

At the close of the testimony, the defendants' attorneys made a motion for the direction of a verdict, on the following grounds:

"First. That the deed executed by B. F. Pennington on the 10th of February, 1888, to Joseph R. Price and Isabella

M. Burns, did not convey the fee, for the reason that there was only one subscribing witness.

"Second. That the deed executed by J. R. Price and Isabella M. Burns to B. F. Pennington on the 7th of March, 1888, hereinbefore set forth, conveyed the fee to B. F. Pennington, and that no estate was conveyed to his children.

"Third. That J. L. McWhirter had no notice, such as is required by the statute, to validate the unrecorded deed, against his recorded deed.

"Fourth. That even if he had such notice, and the children took any interest in remainder under the deed from Price and Pennington, the defendant McWhirter's ancestor being a purchaser at a judicial sale of a foreclosure of a mortgage given to C. W. Pitchford & Co. for value received, C. W. Pitchford & Co. would be entitled to the defense of purchaser for valuable consideration without notice, and that his purchaser at judicial sale takes all his rights and takes title over any claims of any unrecorded deed. In other words, that one purchasing, even if McWhirter had notice, one purchasing from one without notice, takes good title against an unrecorded deed."

The plaintiff's attorneys also made a motion for the direction of a verdict upon certain grounds which need not be stated.

His Honor, the presiding Judge, sustained all the grounds of the defendant's motion, and directed a verdict in their favor, upon which judgment was accordingly entered, and the plaintiffs appealed.

The authorities cited in the argument of the respondents' attorneys fully sustain the Circuit Judge's construction of the two deeds described in the first and second grounds of the motion for a directed verdict. But he erred in directing a verdict for the following reasons: (1) In the first place, the testimony as to notice of the

plaintiffs' equitable rights by J. L. McWhirter was conflicting, and subject to more than one reasonable inference; and, (2) in the second place, there was error on the part of his Honor, the presiding Judge, in undertaking to decide the plea of purchaser for valuable consideration without notice, which is equitable in its nature, in connection with the action to recover the possession of the land, which must be tried by a jury, unless a decision of the equitable issues renders unnecessary the trial of the legal issues. *Adicks v. Lowry,* 12 S. C. 97; *Brownlee v. Martin,* 21 S. C. 392; *Parker v. Victoria Co.,* 105 S. C. 375, 89 S. E. 1068.

Furthermore, when the pleadings present both legal and equitable issues, those should be tried first that are likely to result in a final judgment, and render unnecessary the consideration of the other issues. *Knox v. Campbell,* 52 S. C. 461, 30 S. E. 485.

In the present case, the Court in the exercise of its discretion erroneously decided the legal issue before disposing of the equitable defense of purchaser for value without notice in the manner provided by law, to wit, by the Court.

Judgment reversed, and case remanded to the Circuit Court for further proceedings in accordance with the foregoing conclusions.

MESSRS. JUSTICES WATTS and GAGE concur.

MESSRS. JUSTICES HYDRICK and FRASER concur in the result.