### DEVEREUX v. McCRADY.

1. APPEAL—PRACTICE—"CASE."—Will a motion to dismiss an appeal because the order appealed from is not appealable, be maintained when not incorporated in an agreed "Case?"

2. CIRCUIT JUDGE.—The order of Judge Watts appealed from, reverses that of Judge Townsend, and is one which Judge Watts had no authority to make.

3. ACCOUNTING.—In an accounting between debtor and creditor it is the duty of the creditor to state and prove his claims, and of the debtor to state and prove payments, discounts, and counter-claims.. *Duncan* v. *Tobin*, Cheves Eq., 143, *distinguished from this*.

Before WATTS, J., Charleston, January, 1898. Reversed.

Action by John H. Devereux v. Edward McCrady and Thomas R. McGahan, executors of William McBurney, for accounting. The order of the Circuit Court is as follows:

This cause having come on to be heard upon the master's report herein, filed October 27th, 1897, and the exceptions thereto, and counsel on both sides having been heard, and it appearing to the Court that under the decision of the Supreme Court in this cause, made the judgment in this Court, the plaintiff has been adjudged entitled to an accounting. And it further appearing that the Supreme Court has adjudged that such accounting should be had in the form and manner provided by law. And it further appearing that the form and manner of accounting in this case is as established in the case of *Duncan* v. *Tobin* Cheves Eq. Rep., p.

143. It is, upon consideration of all the same, ordered, that the exceptions to the said report of the master be sustained, and that the case be referred back to the master to proceed with the accounting in the form and manner prescribed by law as aforesaid, and moved for by the plaintiff's attorneys before him.

The defendants appeal upon the following exceptions:

1. Because his Honor, Judge Watts, erred in construing the last decision of the Supreme Court in this case, affirming the order of Judge Townsend (So. Ca. Reporter, vol. XLIX., July 16, 1897, No. 7, p. 423), in that he construed the said decision to be "that the form and manner of accounting in this case," *as provided by law*, "is as established in the case of *Duncan* v. *Tobin*, Cheves Eq. Rep., p. 143."

2. Because his Honor, Judge Watts, erred in deciding "that the form and manner of accounting in this case is as established in the case of *Duncan* v. *Tobin*, Cheves Eq. Rep., p. 143," and that the said case of Duncan *v.* Tobin establishes the form and manner of accounting in cases such as this.

3. Because his Honor, Judge Watts, erred in not holding that the form and manner of accounting in this case was *res judicata*, the same having been previously passed upon and decided by Judge Townsend in his said order, which was affirmed by the Supreme Court; and also because his Honor, Judge Watts, was without authority or jurisdiction to review or modify the said order of his fellow Circuit Judge, the Honorable D. A. Townsend.

4. Because his Honor, Judge Watts, erred in ordering "that the exceptions to the said report of the master be sustained, and that the case be referred back to the master to proceed with the accounting in the form and manner prescribed by law as aforesaid, and moved for by the plaintiff's attorneys before him."

*Messrs. T. W. Bacot* and *Louis deB. McCrady*, for appellant, cite: *The order is appealable:* 11 S. C., 134; 34 S.

C., 172; 49 S. C., 425; 33 S. C., 389. *Judge Watts had no jurisdiction to make the order:* 17 S. C., 163. *No special form of accounting has been adopted in this State:* 11 N. H., 506.

*Messrs. Mitchell & Smith,* contra, cite: *Where liability of accounting is denied, that must first be settled by a decree:* 38 Pa. St., 257. *Rule for accounting:* Cheves Eq., 143; 2 Johnson Ch., 495; 5 Leigh, 561; 17 Md., 260. *Order not appealable:* 2 Story, 260; 2 Johnson Ch., 495; 1 Hill Ch., 208; 49 S. C., 424.

Oct. 22, 1898.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER.   This is the third appeal in this case, the two former appeals being reported in 46 S. C., 133, and 49 S. C., 423, to which reference must be had for a full statement of the case and the proceedings therein up to the matters out of which the present appeal arose.   It is sufficient to say now, that after the judgment of this Court had been rendered, adjudging that this was a proper case for accounting, Master Sass, to whom the case was originally referred "to take the testimony and report upon all matters of law and fact involved in the pleadings, with leave to report any special matter," made a report, bearing date the 4th of September, 1896, in which, amongst other things, he stated that at a reference held on the 3d of September, 1896, defendants' counsel announced that they would offer no evidence upon the preliminary question— whether the plaintiff was entitled to an accounting in equity—but would "reserve any and all evidence they may have, as well as any and all questions, until an accounting is duly ordered and entered upon."   Thereupon counsel for plaintiff moved "that the master declare the testimony, under the order of reference to him, closed, and make his report to the Court that the plaintiff is entitled to an accounting."   The report then proceeds as follows: "I accordingly respectfully report that, under the testimony offered

by the plaintiff in this case, he has established his right to the accounting prayed for, and the case is, therefore, respectfully reported to the Court for its further order in the premises." To this report no exceptions were filed, and the report came before his Honor, Judge Townsend, for his order in the premises. Thereupon the counsel for plaintiff proposed an order as follows: "1. That an accounting be had between the plaintiff and defendants, and that it be referred to Master G. H. Sass to take the accounting, and to state the account between the parties, and to report the same to this Court, together with the testimony, and his conclusions on all issues on said accounting. 2. That for the purpose of said mutual accounting the plaintiff and defendants are hereby ordered and adjudged to, severally, bring in and file with said master their several respective reciprocal accounts in the form of debit and credit accounts, to the date of the death of the said Wm. McBurney, deceased, and on the hearing before said master the affirmative of all entries propounded by either party, and not admitted by the other, shall rest upon the party propounding such entry." Judge Townsend declined to grant the order proposed by plaintiff's counsel, and instead thereof granted an order, in which, after certain recitals not necessary to be repeated here, he ordered: "That the said report of Master Sass be, and the same is hereby, confirmed; and further, that it be referred to the same master in order that an accounting may be had between the estate of the said William McBurney, deceased, and the plaintiff, of all amounts which can and shall be legally proved before said master, to be by each party respectively due and owing to the other, in accordance with the views announced by the said Supreme Court in its said decision, and that he, the said master, do take such account and report the same to this Court as speedily as possible; the effect of the statute of limitations, pleaded by the defendants, and the interposing of the same by them, as they may be advised, to any such amounts, as well as the trial of all the issues that properly arise in the case, being hereby

reserved for the Court after the master shall have reported
as above directed, and upon the coming in of his report."
From this order plaintiff appealed upon the several grounds
which are fully set out in the report of the case, in 49 S.
C., at pages 424, 425, one of which was, that the Judge erred
in refusing the order proposed by plaintiff. The defendants
also gave notice that they would move to sustain the order
on the additional ground that it was not appealable. The
Court held that the order was not appealable, and rendered
judgment in these words: "The appeal is, therefore, dis-
missed and the said order affirmed." This cannot fairly be
regarded as an adjudication of the questions raised by the
exceptions, as it appears from the language immediately
preceding that just quoted, as the judgment of the Court,
that the Court was not to be regarded as having *adjudicated*
any of the questions raised by the exceptions, but merely
intended to announce the legal conclusion that the order
must stand affirmed, just as though there had been no at-
tempt to appeal from it. The language referred to is as
follows: "Having reached the conclusion that the order is
not appealable, no other question raised by the exceptions
can be considered by this Court." While this is so, yet we
must say that some of the observations made by Mr. Justice
Gary in the course of his opinion are quite instructive on
the point of the alleged inconsistency in the order, indicat-
ing very clearly that there was no such inconsistency as
that alleged in the exceptions. After the dismissal of the
appeal from Judge Townsend's order, just spoken of, the case
went back to the master, when, at the request of counsel,
he made still another report, bearing date the 27th October,
1897, in which, after reciting the terms of Judge Town-
send's order, he says: "Upon the reference before the master
under said order, the plaintiff moved that the account be
taken by requiring each party to file their accounts, in the
form of debit and credit, accompanied by an affidavit con-
taining a verification of the accuracy of the schedules, in
which are contained the details of the account, according

to the rule laid down in the case of *Duncan* v. *Tobin*, Cheves Eq., page 146. After argument heard, the master refused to make this ruling, and directed the parties to proceed in the following manner, namely: That the plaintiff be required, first, to legally prove before the master any and all claims and demands which he may have against the estate of Wm. McBurney, and any and all amounts which may be due and owing by the estate of Wm. McBurney to him; and then that the defendants be required to legally prove before the master any and all claims and demands which their testator's estate may have against the plaintiff, and any and all amounts which may be due and owing to the said estate by the plaintiff." The remainder of this report need not be set out, as the exceptions to it, filed by plaintiff, practically impute error to the master in ruling as above stated, and in not ruling that the account should be taken in the manner proposed by plaintiff. This report, with plaintiff's exceptions thereto, came on for hearing before his Honor, Judge Watts, who rendered judgment sustaining the exceptions, and referring the case back to the master with instructions to take the account in the manner therein directed. From this judgment defendants appeal upon the several exceptions set out in the record, which exceptions, together with the judgment appealed from, will be incorporated by the Reporter in his report of the case.

In pursuance of previous notice to that effect, the plaintiff moved, on the call of the case, to dismiss the appeal, "on the ground that the order appealed from is not appealable," and that motion must first be disposed of. The defendants contend that this motion cannot prevail, for two reasons: 1st. Because plaintiff has waived his right to make such motion *upon the ground that the matter appealed from is not appealable*, by consenting to the "Case" as prepared *for the hearing of the Supreme Court*, in which there is no mention or allusion made to the fact that plaintiff intended to make this motion on the ground stated. 2d. Because the matter appealed from is appealable. It ap-

pears that this was an "Agreed Case," and at the end of the "Case" we find the following agreement, signed by the counsel on both sides: "We hereby agree upon the foregoing 'Statement of the Case,' as prepared by us for the hearing of the Supreme Court, and that a copy thereof, as and for the return, may be filed with the clerk of the Supreme Court on or before the 18th day of April, 1898." The "Case" thus agreed upon on the 28th of March, 1898, contains no hint that, at the hearing before the Supreme Court, any other matter would be insisted upon before the Court except what appears in the "Case." But on the 19th of May, 1898, months after the "Case" was agreed upon, and just a month and one day after the case as prepared for argument here was to be filed, and doubtless was filed, notice of this motion was given. While it is at least questionable whether this motion could be entertained after the parties had agreed upon a "Case," in which the Supreme Court was called upon to pass upon the questions therein presented, and not upon the question presented by this motion, based, as it is, upon the single ground that the matter appealed from is not appealable, and are inclined to think that the proper practice would be to incorporate in the "Case" agreed upon a notice that this Court would be asked to sustain the order appealed from, upon the ground that the order was not appealable, as was done on a former appeal in this case; yet we are not disposed to rest our conclusion upon this ground, inasmuch as we think the matter appealed from is appealable, for reasons which will be apparent from what we shall say in disposing of the questions presented by the appeal; and, therefore, we prefer to base our conclusion to refuse the motion to dismiss the appeal upon the second ground taken by appellants.

Coming, then, to the merits of the case, it seems to us that the order of Judge Townsend must be regarded as the law of this case—not, however, because it was adjudged by this Court to be correct, but because it must be regarded as an order from which there was no appeal, inasmuch as the

attempt to appeal therefrom was abortive. If so, then the master was clearly right in following the directions of that order as to the method of taking the account, and in refusing to adopt the method proposed by counsel for plaintiff, which was, practically, the same as that proposed in the order which Judge Townsend had refused to grant. When, therefore, Judge Watts sustained the exceptions to these rulings of the master, and directed the account to be taken, as suggested in the case of *Duncan* v. *Tobin*, Cheves Eq., at page 146, he, practically, reversed the order of his predecessor, who had refused the order to that effect when asked for by plaintiff's counsel. That this was error, see *Warren, Wallace & Co.* v. *Simon*, 16 S. C., 364, where it is said: "Nothing is better settled than that one Circuit Judge has no power to review and reverse the action of another Circuit Judge." It seems to us clear that the plaintiff, by the order appealed from, has obtained, practically, the same result which he sought to obtain by the order which he asked from Judge Townsend, and which that Judge refused to grant. His action, whether right or wrong, must stand as the law of this case, until reversed by proper authority; and it certainly cannot be pretended that this has ever been done.

But we are not prepared to say that there was any error in the action of Judge Townsend. While the rule suggested in the case of *Duncan* v. *Tobin, supra*, may be a very proper one when applied to a case like that in which the rule was suggested, it does not, by any means, follow that such rule is applicable to *every* case in which an accounting may be ordered by a court of equity. That was a case involving an accounting *by an executor*, one who sustains a fiduciary relation to the parties entitled to demand an accounting, and who is required by law not only to keep an accurate account of his receipts and disbursements, but to file the same, at stated periods, in a public office appointed for that purpose. The obligation of his office requires him to show, whenever called upon by proper

authority, what he has done with the assets of the estate committed to his charge; and if he fails to show that he has made a proper disposition of the whole or any part of such assets, he becomes personally liable to make good the same to the parties entitled thereto. But where an accounting is ordered between parties sustaining no such fiduciary relation to each other, but occupying the positions merely of creditor and debtor, it seems to us that the rule as to the mode of taking the account is, and ought to be, very different from that suggested in the case above stated, where an executor is called upon to account for the administration of the estate committed to his charge. When a creditor seeks to enforce, by suit, his claims against his debtor, the ordinary rule is for the creditor to state and prove his claims, and then the debtor is called upon to prove any payments, discounts or counter-claims upon which he may rely; and we see no reason why the same rule should not apply in a case like the one under consideration, where an accounting has been ordered between persons sustaining no other relation to each other than that of creditor and debtor. In such a case the debtor is under no obligation to show what he owes to the creditor, for that is the duty of the creditor; nor, on the other hand, is the creditor under any obligation to show what he owes to the debtor—for that is the duty of the debtor. This was the view, as we understand it, taken by the master, and we sustain his ruling, as stated by him in his report on the 27th of October, 1897. From this it follows that the Circuit Judge erred in sustaining the exceptions to the master's report of that date.

The judgment of this Court is, that the judgment or order appealed from be reversed, and that the case be remanded to the Circuit Court, with instructions to send the case back to the master, in order that he may proceed to take the account in accordance with his ruling, as stated in his report of the 27th of October, 1897.