8404

### BEAL v. DIVINE.

ISSUES—PRACTICE—INJUNCTION.—Where the pleadings in a case raise both legal and equitable issues and a judgment on the legal issues for plaintiff would not give defendant the relief he is entitled to, if he sustain his equitable defenses, it is not error to order legal issues tried first, if the enforcement of any judgment obtained by plaintiff should be enjoined until trial of the equitable issues.

Before FRANK B. GARY, J., Colleton, March, 1912. Affirmed.

Action by Junius E. Beal against J. J. Divine, trustee. Defendant appeals.

*Messrs. Howell & Gruber,* for appellants, cite: Rich. Eq. Cas. 238; 21 S. C. 121; 48 S. C. 176.

*Messrs. Padgett, Lemacks & Moorer,* contra, cite: 44 S. C. 119; 52 S. C. 461; 61 N. W. 195; 88 S. C. 144.

January 10, 1913.   The opinion of the Court was delivered by

MR. JUSTICE WATTS.   This is an appeal from an order of Hon. Frank B. Gary, Circuit Judge, refusing to transfer the cause from Calendar One (1) to Calendar Two (2), and to refer the issue raised by the pleadings in the cause, to the master upon motion of defendant-appellant.   The Circuit Judge refused the motion on the ground that the complaint sets up a legal cause of action properly triable by a jury.   The sole question raised by the appeal is, whether the Circuit Judge was in error in refusing to transfer the cause from Calendar One (1) to Calendar Two (2) and refer the same to the master, the appellant contending that this is an action for specific performance of contract, and solely cognizable on the equity side of the Court, and respondent contending that it is an action on the law side of the Court and that a trial by jury was a matter of right.

An inspection of the pleadings in the cause, will show that both legal and equitable issues are raised.   The complaint shows a plain legal action for the recovery of money, only with the exception of paragraph eight, which asks that the rights and interests of the parties be determined under a contract of sale entered into between the parties as to certain lands and timbers.   The answer sets up both legal and equitable defenses, among other defenses, that of fraud and misrepresentation, and asks damages for that.   Here, under the pleadings, we have both legal and equitable issues to be tried.   The order in which the issues are to be tried is discretionary with the Court.   *McCreery Co.* v. *Myers,* 70 S. C. 282, 49 S. E. 848; *DuBose* v. *Kell,* 76 S. C. 313, 56 S. E. 968; *Hickson Lumber Co.* v. *Stallings,* 83 S. C. 49, 64 S. E. 1015.

His Honor based his order on the case of *Greenville* v. *Ormand,* 44 S. C. 119, and we see no error in this.   The defenses set up are some of them legal in their nature and

to recover on them, if at all, must be on the law side of the Court.

While it is true that if his Honor had seen fit to have ordered the cause placed on Calendar Two (2) and have tried the equity issues first and reserved the legal issues until this was done, no irreparable damage would have followed, but this, in his discretion, he did not see fit to do. But as the plaintiff asks for judgment and the defendant cannot get all of the relief he asks for if he prevails in the defenses set up on the law side of the Court and may have to pay judgment of plaintiff if plaintiff obtains one without getting title to the land and has no means of getting title under the judgment on the law side, but can get the relief asked for if he prevails on the equity side of the Court, we think the order appealed from should be affirmed and case remanded to Circuit Court with instructions that if plaintiff should obtain any judgment against the defendant an order should be passed by the Court suspending the collection of the same until the equitable issues raised by the pleadings should be tried, determined and adjudged.