CALVIN ROGERS, RESPONDENT, v. GEORGIANNA PALMER, ADMINISTRTRIX OF THE GOODS, CHATTELS, RIGHTS AND CREDITS OF ELWOOD F. PALMER, DECEASED, APPELLANT.

Submitted October 26, 1928—Decided February 4, 1929.

For the appellant, *Quinn, Parsons & Doremus.*

For the respondent, *Wilson & Smock.*

The opinion of the court was delivered by

KATZENBACH, J. This action was instituted in the Monmouth County Circuit Court by Calvin Rogers against Georgianna Palmer and in the alternative against the same defendant in her representative capacity as administratrix of the goods, chattels, rights and credits of Elwood F. Palmer, deceased, upon three promissory notes. The first note was dated September 1st, 1925. It was signed by Georgianna Palmer and promised to pay, six months after date, to the order of Elwood F. Palmer (hereinafter referred to as Palmer) $1,200. It was endorsed by Palmer and delivered to the plaintiff below, Calvin Rogers. The consideration of the note was property deeded by Rogers to Palmer. The second note was dated October 8th, 1925. It was payable six months after date. The maker was Georgianna Palmer. The payee was Palmer. The note was endorsed by the payee and delivered to Rogers, who gave Palmer his check for $700. This check was used by Palmer to pay for a property at Spring Lake, New Jersey, which he had purchased. The third note was dated September 26th, 1925. It was payable six months after date. The maker and payee were the same. The payee, Palmer, endorsed the note and delivered it to Rogers who gave Palmer his check for $500 which was used by Palmer to pay a deposit on the property at Spring Lake purchased by him. Each of the notes above the signature of Georgianna Palmer contained the words: "This note is given by me for the benefit of my personal estate, and the proceeds thereof are for my personal use." Georgianna Palmer was at the time of the making of the notes mentioned a married woman and the wife of the payee, Palmer. Notwithstanding the declaration upon the face of the notes, Mrs. Palmer received no consideration and was an accommodation maker, under the case of *First National Bank* v. *Rutter,* 91 *N. J. L.* 424; 92 *Id.* 621, since Rogers knew that Palmer was the actual beneficiary of the transactions.

Mr. Palmer died on January 15th, 1926, intestate. His death occurred before the notes matured. The notes were not presented for payment at the bank where they were made payable and were not protested. Mrs. Palmer was appointed administratrix of Mr. Palmer's estate. The holder of the notes commenced suit thereon against Mrs. Palmer personally and in her capacity as administratrix of her husband's estate.

The answer set up the defense as to Mrs. Palmer that she was a married woman and not answerable under the Married Woman's act for the debt of her husband. As to the estate of Mr. Palmer the defense was that the notes were not protested and no notice of dishonor was ever sent or received by the defendant as required by section 89 of the Negotiable Instruments act (*Comp. Stat.*, *p.* 3745). The case was referred to the Inferior Court of Common Pleas of the county of Monmouth for trial. The judge of that court tried the case without a jury. Judgment was rendered against the defendant, Georgianna Palmer, in her representative capacity, for the face of the three notes with interest. From this judgment Georgianna Palmer, in her representative capacity, has appealed to this court.

The contention is advanced by the appellant that the court below erred in entering judgment against her, as administratrix, because there was no proof that notice of dishonor had been given to Mr. Palmer; that his position upon the notes was that of endorser; that it was erroneous for the trial court to disregard the position of the signatures upon the notes and find, as the court must have done to reach the conclusion it did, that Palmer was the maker of the notes, when it was not the intention of the parties to the notes that he should be placed in this position.

We do not consider this position tenable. It is based on the assumption that the position of Palmer was that of an endorser only. It ignores the evidence that Palmer was the real party in interest and the one who received the benefit of the notes. The testimony is uncontradicted that as to the first note he received the consideration thereof in the form of property, and as to the second and third notes he received from Rogers his checks which were collected and applied on purchases of real

estate by and for the benefit of Palmer. These facts made Palmer the person for whose benefit the notes were made. He was actually the real maker of the notes and the sole bneficiary of the transaction, not an endorser. The question involved in this appeal is whether presentment of a note must be made and notice of dishonor be given to one occupying the position of endorser on a promissory note when he is actually the real maker of the instrument and primarily liable thereon. We think this question answered adversely to the appellant's contention by several portions of the Negotiable Instruments act. Section 70 (*Comp. Stat., p.* 3743) provides that "presentment for payment is not necessary in order to charge the person primarily liable on the instrument." Section 80 (*Comp Stat., p.* 3744) provides that "presentment for payment is not required in order to charge an endorser where the instrument was made or accepted for his accommodation." Section 115 (*Comp. Stat., p.* 3748) provides "that notice of dishonor is not required to be given to the endorser \* \* \* [3] where the instrument was made or accepted for his accommodation." The court below found that Palmer was primarily liable on these instruments which were made by Mrs. Palmer for his accommodation, so each one of the above sections is applicable.

These sections have received judicial interpretation which sustains the judgment rendered in the Circuit Court. It is unnecessary to cite all the decisions bearing on these sections. A few cases will suffice. That presentment is not necessary to charge a person primarily liable has been declared in *Dewees* v. *Middle States Coal and Iron Co.,* 248 *Pa. St.* 202; 93 *Atl. Rep.* 958, and in *Baldwins' Bank* v. *Smith,* 215 *N. Y.* 76; 109 *N. E. Rep.* 138. In construing section 80 it has been said that the generally accepted construction of provisions in negotiable instruments acts, similar to this section, is that they apply only to cases where the endorser is the primary debtor, the reason for the rule being that no one is bound to indemnify the primary debtor, and that he is thus no more entitled to presentment, demand or notice than if his true character had appeared on the paper. *Murray* v. *St. Louis Third National Bank,* 234 *Fed. Rep.* 481.

In *Weinreb* v. *Antzis,* 192 *N. Y. Supp.* 644, it was held that where an insolvent corporation issued notes to creditors and assigned all its assets to defendant under an agreement that he endorse the notes and pay them when they were due, presentment of the notes was unnecessary to hold the endorser under the Negotiable Instruments law, he being primarily liable.

Although a loan for which notes were given was not made for the sole benefit of endorsers, they were still "accommodated endorsers" within the meaning of Maryland Code Pub. Gen. Laws 1904, article 13, sections 99 and 134 (same as sections 80 and 115 of the New Jersey act), providing that demand for payment and notice of dishonor are not required to charge such endorsers. *Bergen* v. *Trimble,* 130 *Md.* 559 (*Ct. of Appeals*); 101 *Atl. Rep.* 137. This Maryland case also states the construction to be placed upon section 115 of the New Jersey act.

While the provisions of the Negotiable Instruments act referred to support, in our opinion, the judgment below it may not be amiss to state that even if the Negotiable Instruments act had not been enacted the judgment could be supported under the common law. In the case of *Blenderman* v. *Price,* 50 *N. J. L.* 296, in which the facts were similar to those in the present case, the late Mr. Justice Reed reviewed the law upon this subject and pointed out that where a note was given for the accommodation of the endorser only, and he has the sole interest in the payment, and must ultimately pay the same, notice of protest is not required. This opinion contains an exhaustive and interesting review of the English decisions upon this subject. The opinion in *Blenderman* v. *Price, supra,* sustains the position taken in the court below. While the judgment is, in our opinion, supported by the provisions of the statute on negotiable instruments to which reference is made, it is interesting to find that the provisions are declaratory of the common law on the subject as it existed in this state prior to the enactment of the Uniform law on negotiable instruments.

The judgment of the Monmouth County Circuit Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, KALISCH, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.