### 13125

#### HENDERSON v. RICE *ET AL.*

(158 S. E., 258)

308

May, 1930.

*Messrs. Blythe & Bonham,* for plaintiff-appellant,

*Messrs. Morgan & Cothran,* for respondents,

April 20, 1931.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

This action was originally instituted in the County Court of Greenville County, but it afterwards appearing that the total amount demanded in the complaint exceeded the sum of which that Court had jurisdiction, the cause was transferred to the Court of Common Pleas of that county.

The original complaint alleged the execution and delivery by the four defendants, P. D. Rice, Virginia Chiles Rice, E. F. Rice, and R. M. Coley, of their promissory note to N. A. Henderson on February 18, 1924, in the sum of $2,-300.00, principal, with the agreement to pay interest and attorney's fees, and the assignment of the note by the named payee to the plaintiff, J. W. Henderson. The defendants P. D. Rice and Virginia Chiles Rice defaulted, and judgment was entered up against them by default in favor of the plaintiff for $3,623.12. These two defendants are not concerned in this appeal.

The defendants E. F. Rice and R. M. Coley set up in their answer to the original complaint a denial that they executed the note sued upon, and alleged that, after the note had been executed, they signed their names on the back thereof as indorsers only for the accommodation of the makers of the note; that they received nothing of value from the payee; that upon maturity of the note it was dishonored by the makers, and they were not notified of such

dishonor until two years after the note became due; and they demanded the protection they were entitled to have as indorsers because of the failure of the holder of the note to protest the same upon its nonpayment, and to notify them of the dishonor.

At the January, 1930, term of the Court, the cause came on for hearing. The note, introduced in evidence, disclosed on its face that P. D. Rice and Virginia Chiles Rice, the defaulting defendants, alone were the makers, and that the answering defendants, E. F. Rice and R. M. Coley, were indorsers; their signatures appearing on the back of the note.

The plaintiff offered testimony, tending to show that the note was made at the request, and for the benefit of, the defendants E. F. Rice and R. M. Coley. The presiding Judge, Honorable W. H. Townsend, held the testimony irrelevant under the allegations of the complaint. The plaintiff then asked leave to amend the complaint by alleging the facts sought to be established. The defendants objected to the allowance of the requested amendment, on the ground that it substantially changed the cause of action and could not be made during the trial; and they claimed that they were entitled to a dismissal of the complaint. The Court allowed the amendment, on the ground that the same was "in furtherance of justice for the purpose of getting before the Court the issues which the plaintiff was attempting to make in his complaint." The defendants announced that they were not in position to proceed with the trial upon the complaint as amended, and they excepted to the allowance of the amendment. The Court gave the defendant twenty days in which to answer the amended complaint, after its service, and ordered the case withdrawn from the jury and continued.

Thereafter, the plaintiff served an amended complaint, the allegations of which, so far as they are pertinent in this appeal, may be summarized, briefly, as follows: That shortly before February 18, 1924, the defendant E. F. Rice applied

to N. A. Henderson, father of the plaintiff, for a loan to himself and the defendant R. M. Coley of the sum of $2,-300.00, for the purpose of paying off certain notes at the bank on which E. F. Rice and Coley were indorsers, and agreed with N. A. Henderson that he would on the following day bring to N. A. Henderson a note of himself (E. F. Rice), and R. M. Coley; that relying upon the promise made, N. A. Henderson furnished the requested sum of money to E. F. Rice, but that Rice failed to perform the agreement made as to the delivery of the promised note, and instead thereof delivered to N. A. Henderson the note referred to in the complaint; that N. A. Henderson's business capacity was limited; that he had no knowledge of the law with reference to the execution of notes, and the proper place for the signatures of makers and indorsers, and had no knowledge that the note turned over to him was such an instrument as only bound E. F. Rice and Coley as indorsers, and believed, because of the express representations of Rice, that the note had been made in accordance with the agreement between himself on the one hand, and E. F. Rice acting for himself and for Coley on the other hand; that later N. A. Henderson assigned the note, for value, to the plaintiff; that after maturity of the note, the plaintiff made demand on E. F. Rice and R. M. Coley for payment, and both of the defendants specifically promised to pay the amount due and made no claim that they were bound only as indorsers, did not question their liability for their payment, and, on the contrary, expressly promised to pay the note, thereby ratifying and affirming the contract as originally made by them and waived any immunity that they might claim as indorsers; that no part of the note has been paid by discount or otherwise; and that, by reason of the facts alleged, the plaintiff was entitled to the reformation of the note, "in order that it may conform to the agreement of the parties thereto in regard thereto."

The note referred to, a copy of which was set out in the

complaint, showed the usual form of a promissory note, dated February 18, 1924, payable one year after date to the order of N. A. Henderson, in the sum of $2,300.00, with provisions as to the payment of interest, and attorney's fees in case of suit. It appeared to be signed by the defaulting defendants, P. D. Rice and Virginia Chiles Rice, as makers, and indorsed by the contesting defendants, E. F. Rice and R. M. Coley, who had written their signatures on the back of the instrument.

The amended complaint was attacked by the defendants with a notice of motion to strike out many of its allegations. Without inserting this notice in full, we think it sufficient only to state that the defendants sought to have stricken out all the allegations going to show that they were makers of the note instead of indorsers, on the ground that such allegations varied the terms of the written instrument; the allegations as to the acceptance of the note by N. A. Henderson upon the alleged representations of E. F. Rice and the averments as to the business capacity of N. A. Henderson, for the reason that when the note was executed and delivered, the transaction was then ended; and the allegations as to promises and statements made by the defendants after the maturity of the note and those looking to a reformation of the instrument, on the ground that the order of the Court allowing the plaintiff to amend his complaint did not cover these allegations.

The motion to strike out was heard and refused by Judge Townsend, who, it will be recalled, allowed the complaint to be amended. In his order on these matters, the presiding Judge said:

"The leave to amend was given for the purpose of allowing the plaintiff to allege such a statement of facts as would entitle him to show the liability of the defendants as makers upon the note sued on. The facts alleged would show that the defendant, E. F. Rice, obtained a loan of approximately twenty-three hundred dollars ($2,300.00) from the plain-

tiff's assignor upon a promise to give a note of the defendants as security for repayment, and that the said assignor received the note sued upon believing it to be such note as the defendants had promised to give, and ask the reformation of the note so as to conform to the contract between the parties at the time the money was advanced. I don't recall that at the time the leave to amend was allowed the question of reformation was mentioned, but I think the amendment allowed so as to state the facts, showing the defendants to be in equity makers would include the allegation of such facts as would authorize the reformation, if necessary, for that purpose. The amended complaint carries out the purpose of the order allowing an amendment and the motion to strike out is refused.

"The amended complaint now states facts sufficient to constitute a cause of action against the defendants as makers upon the note sued on, it being alleged that the money was obtained from the plaintiff's assignor upon a promise by the defendants to give such note."

After the indication on the part of the trial Judge as to his views, the defendants then renewed their motion to strike out from the complaint "any allegations relative to endorsers * * * because if they are sued as makers they can hardly be sued as endorsers also, and those allegations are irrelevant to a suit against them as makers." The Court refused this motion, for the reason, as he gave, "that the facts therein stated would merely show that the defendants are now estopped to contend that they are not makers under the circumstances under which the loan was made and the note given."

Following the rulings of the presiding Judge on the motion to strike out, the defendants moved to dismiss the complaint, on the ground that it did not state facts sufficient to constitute a cause of action against them. The ground, on which this motion was based, does not clearly appear in the record, but from statements contained in the order of the

Court, we assume it was based upon the failure of the complaint to allege notice of dishonor and nonpayment of the note to the defendants within the time required by the negotiable instruments law. And we gather that the purpose of the defendants was to have the Court declare that the complaint did not state a cause of action against them as indorsers of the note.

It appears that the plaintiff conceded, in some respects, the position taken by the defendants, for in the order of the Judge we find this language: "The attorney for the plaintiff admits that the complaint does not allege notice of dishonor and nonpayment of the note being given to these defendants within the time required by the negotiable instrument law, and for that reason no cause of action is stated against these defendants as endorsers, *but contends that in the absence of such allegations the complaint does state facts sufficient to constitute a cause of action against these two defendants as makers of the note sued on and as the persons at whose request and for whose benefit the moneys loaned were advanced."* (Italics ours.)

The motion to dismiss the complaint was refused, and the defendants were allowed twenty days in which to answer.

In their answer to the amended complaint, the defendants denied all the allegations of the complaint to the effect that they were makers of the note, and the alleged representations to N. A. Henderson on the part of the defendant E. F. Rice, and that E. F. Rice acted at any time as the agent of his codefendant, Coley. They further said that they had not sufficient knowledge or information to form a belief as to the business capacity of N. A. Henderson, but, in connection therewith, alleged that his lack of knowledge with reference to the execution of notes was no excuse. They admitted that they paid no part of the amount due on the note, and said they were not liable for its payment. They repeated their former averments that they were indorsers only for the accommodation of the makers of the note; that they had re-

ceived nothing of value for their indorsement; that they had not been given notice of the dishonor of the instrument, and knew nothing of such dishonor until two years after the note was due; and further alleged that the note, as it was described in the complaint, was correctly set forth, and was in accord with the agreement between themselves and the original payee, N. A. Henderson.

On the amended complaint and answer thereto, the cause came on for trial before his Honor, Judge Mauldin, and a jury, at the May, 1930, term of Court. It was conceded by counsel that the former order of Judge Townsend "reduced the pleadings in this case to the amended complaint and the amended answer."

The note sued upon was introduced in evidence by the plaintiff without objection.

The only witness sworn was N. A. Henderson, the plaintiff's assignor, who was called by the plaintiff. He testified as to the transfer of the note to the plaintiff. When his testimony as to the transactions between him and the defendant, E. F. Rice, as to the execution, delivery, and acceptance of the note was sought to be brought out, the defendants objected to the introduction of that testimony. Time after time plaintiff's counsel endeavored to have the witness answer certain questions for the avowed purpose of establishing the allegations of the complaint, and to all of these questions objection was made by the defendants. The Court sustained the objections, and because of his rulings the plaintiff was unable to produce the necessary evidence in support of the cause of action alleged in his complaint.

Upon direct inquiry by the Court of counsel for the plaintiff as to whether the defendants were sued as indorsers or makers, the reply was to the effect that the plaintiff had the right "to recover under the allegations of our complaint anything that we can; we have a right to recover against them as makers if we establish the appropriate allegations of our complaint; even if we fail in that we have a right to re-

cover against them as endorsers if we prove waiver of notice." It seems that this was a change of plaintiff's position as taken at the last hearing before Judge Townsend for in the order of the Court at that time it was clearly indicated that the suit under the amended complaint was one for the reformation of the note so as to show the defendants were not indorsers but makers, and to recover against them as makers.

The plaintiff insisted that Judge Mauldin was bound by the previous order of Judge Townsend. As to that, Judge Mauldin held that he was bound by that order so far as the law of the case had been fixed, but he did not interpret Judge Townsend's order as precluding him from passing upon the admissibility of testimony.

The result was the granting of an order of nonsuit at the instance of the defendants. The order signed by the Judge so briefly and clearly sets forth the reasons for his action, that we here set it out in full:

"This is a suit upon a promissory note which appears upon its face to have been endorsed by the defendants above named. The note bore the blank endorsement of the payee and the plaintiff claimed to be the owner thereof. The plaintiff offered testimony which was objected to by the defendants upon two grounds. First, that the testimony offered tended to vary the terms of the written instrument, and second, that the plaintiff was estopped from offering testimony contrary to the written instrument for the reason that the witness was original payee of the note and having endorsed it to the plaintiff he thereby warranted the note to be what it purported to be.

"The objections to the testimony were sustained and the plaintiff announced that he had no further testimony to offer. In my opinion the motion for a nonsuit was proper and the same was and is hereby granted."

The case has come to this Court on appeal on the part of both the plaintiff and the defendants E. F. Rice and R. M.

Coley. The defendants appeal from the orders of Judge Townsend; the plaintiff appeals from the rulings of Judge Mauldin on matters of evidence and his order of nonsuit.

We deem it unnecessary to take up in detail the defendants' exceptions, to the number of six, and the eight exceptions of the plaintiff, but we shall attempt to dispose of the questions we regard as necessary for a proper determination of the two appeals. We have recited at considerable length the occurrences in the lower Court, so that the legal points decided may be clearly understood.

The original complaint was clearly one to recover against the defendants E. F. Rice and Coley, as makers only of the note. There was nothing contained therein to indicate that the plaintiff intended to seek recovery against them as indorsers. When the note, a written instrument, was presented to the Court, and plainly showed that the contesting defendants were indorsers and not makers, Judge Townsend correctly ruled that the testimony offered by the plaintiff showing otherwise was inadmissible, because that testimony was not responsive to the allegations of the complaint; it tended to vary the terms of the written instrument, when there had been no attack upon it in the pleadings.

It was within the discretion of Judge Townsend, under the provisions of Section 436 of the Code of Civil Procedure, to allow the plaintiff to amend his complaint. The language of that section has been liberally construed in favor of the right of a trial Judge to allow amendments of pleadings "in furtherance of justice." The limitation stated in the section is to the effect that the amendment shall not "change substantially the claim or defense." The plaintiff, in his complaint, was seeking recovery on a promissory note. The note itself showed that the defendants E. F. Rice and Coley were not makers. The plaintiff wished to introduce evidence that, as a matter of fact, they were makers. If the note on its face showed them to be makers,

they were liable to the plaintiff thereon, and his cause of action was one against them as makers. If the note did not show them to be makers—and such was the case—but in truth they were makers, they were still liable to the plaintiff as makers, and the cause of action was the same. To amend the complaint for the purpose of permitting the plaintiff to allege that the note on its face did not really speak the truth was not a substantial change in the claim of the plaintiff.

Under the circumstances, the Circuit Judge, in granting the plaintiff the right to amend the complaint, very properly withdrew the case from the jury and allowed the defendants the right to serve a new answer to the complaint when it was amended.

Taking into consideration the two orders of Judge Townsend, and the interpretation placed upon his first order by what he said in the second order, and all the happenings in the lower Court, with particular reference to the admission of plaintiff's counsel, referred to in the second order of Judge Townsend, we regard the amended complaint as stating a cause of action for reformation of the note, so as to show that E. F. Rice and Coley were not indorsers but really makers, and that upon the reformed instrument, if reformation was ordered, they were liable to the plaintiff as makers and not as indorsers. As those two defendants contend, we think they could not be both makers and indorsers under the circumstances. Judge Townsend was correct in not dismissing the amended complaint or sustaining a demurrer thereto, as he was requested to do by the defendants, on the ground that the note set forth in the complaint showed E. F. Rice and Coley to be indorsers and not makers. The object of the complaint, as before stated, was the reformation of the note, and a cause of action was stated therefor. Under the first admission of the plaintiff's counsel, mentioned in Judge Townsend's second order, the amended complaint was not a suit against the defendants as indorsers, and we are therefore unable to agree with the contrary posi-

tion taken later before Judge Mauldin by the plaintiff that he was entitled to recover against the defendants as indorsers.

We are unable to find any error in the refusal of Judge Townsend to strike out the allegations contained in the amended complaint to the effect that the defendants were makers and not indorsers, for the reason that these allegations were proper for the purpose of alleging the cause of action for reformation.

The second order of Judge Townsend, explanatory of his first order, shows that the first order gave the plaintiff the right to amend the original complaint so as to set up his claim for the reformation of the note.

It is true, as contended by the plaintiff, that often one Circuit Judge is bound by the previous order of another Circuit Judge in a case. Instances of this kind are found in cases cited by the plaintiff as follows: *Steele v. Ry. Co.,* 14 S. C., 324; *Kerchner v. Singletary,* 15 S. C., 535; *Warren, Wallace & Co. v. Simon,* 16 S. C., 362; *Hunter v. Ruff,* 47 S. C., 525, 25 S. E., 65, 58 Am. St. Rep., 907; *Devereux v. McCrady,* 53 S. C., 387, 31 S. E., 294; *Ex parte Werner,* 129 S. C., 26, 123 S. E., 501.

But the trial Judge is not bound to admit testimony in support of irrelevant and improper allegations, left in the pleading because a former Judge refused to strike out such allegations, and Judge Mauldin properly held that he had the right to entertain and decide upon the objections of the defendant as to the competency of the testimony sought to be introduced by the plaintiff in support of the allegations of the complaint, which Judge Townsend had refused to strike from the complaint. In *Givens v. Electric Co.,* 91 S. C., 417, 74 S. E., 1067, 1070, our Court said this: "It does not follow, however, that because irrelevant or redundant matter is left in a pleading, either because of a failure to move to strike it out or because of the refusal of such a motion, evidence must be admitted to prove it.

The trial Judge is not bound to admit evidence to prove an allegation which another Judge has refused to strike out as irrelevant or redundant. The admission or exclusion of evidence to prove a given fact or circumstance frequently depends upon proof or lack of proof of some other fact or circumstance by which its relevancy or irrelevancy is made to appear. Therefore, even though another Judge had refused a motion to strike out matter alleged to be irrelevant or redundant, the trial Judge is not bound by such refusal to admit evidence to prove it. He is in a better position to determine its relevancy or irrelevancy, and, where a party conceives himself prejudiced by an allegation of such matter and takes the proper steps by motion to have it stricken out, and his motion is refused, he is then in position to ask this Court to review the ruling of the trial Judge in admitting, over his objection, evidence to sustain such allegation. Of course, the burden is upon him to show that he was prejudiced thereby."

Really a party has no right to appeal from an order refusing to strike out allegations in a pleading. The proper practice is for him to make the motion to strike out, however, and after refusal thereof to follow up with objection to the introduction of testimony in support of the allegations deemed to be irrelevant and redundant. See *Nettles v. Nettles,* 138 S. C., 318, 136 S. E., 297, and cases there cited.

We cannot agree with the holding of Judge Mauldin, however, that the testimony which the plaintiff offered to show that E. F. Rice and Coley were makers and not indorsers of the note was incompetent. As previously stated, the amended complaint was one for the reformation of the note, upon which the cause of action of the plaintiff was based.

There is a general rule that parol evidence may not be introduced to vary the terms of a written instrument, but the exceptions to this rule are numerous.

Hardly ever would it be possible to reform a written instrument if parol evidence could not be offered. Many years ago Lord Hardwicke observed: "How can a mistake in an agreement be proved but by parol evidence? It is not read (heard?) to contradict the face of the instrument but to prove a mistake therein." Note, 34 Cyc., 983. The general rule at present seems to be that parol evidence is admissible to show mistake or fraud in a written instrument. 34 Cyc., 982.

The amended complaint alleged, as we construe the matters therein set forth, mistake on the part of the payee of the note when he accepted the same, and fraud, or at least inequitable conduct, on the part of the defendant E. F. Rice, acting for himself and as agent for his codefendant, R. M. Coley. The testimony offered in support of the allegations to establish the mistake and inequitable conduct, if admitted, would have been sufficient to require the Court to pass upon the claim of the plaintiff, and it follows that the nonsuit should not have been granted.

The suit for reformation was, of course, clearly one within the equitable cognizance of the Court. If the note was ordered in equity to be reformed, according to the plaintiff's contention, then the recovery of the amount alleged to be due on the note, as reformed, would have been a legal issue to be determined in an action at law. In our practice, under the Code, both legal and equitable issues may be determined in the same action. The legal issues are to be determined by a jury, and the equitable issues are to be determined by the Court, under the general regulations as to the submission of equitable issues, with or without the intervention of a jury, as the Court may direct.

At this time, we are not concerned with the mode in which the trial was conducted in the lower Court, for none of the exceptions question the correctness of the procedure in that respect.

It is not necessary for us either to enter into a discussion of the questions raised by the plaintiff as to the liability of the appealing defendants as indorsers, regardless of the failure of the holder of the note to give them notice of its dishonor, for, as already indicated, we do not regard the suit at this time as being one against the defendants as indorsers.

The evidence offered on behalf of the plaintiff was not objectionable on the ground that the witness, the payee of the note, had, by his indorsement, warranted to the holder the instrument to be what it appeared on its face, as was contended for by the defendants. It is true that under the negotiable instruments law, an indorser, who does not qualify or restrict his indorsement, does warrant to his indorsee the genuineness of the instrument, and the indorsee may claim such warranty in an action between himself and his indorser. That rule has no bearing here, however, so far as we can see, for the reason there is no contest between the original payee and the holder.

For the reasons given, it is the judgment of this Court that the exceptions of the defendants be, and they are, overruled; the appeal of the plaintiff is sustained, the order granting the nonsuit is reversed, and the cause is remanded to the Court of Common Pleas of Greenville County for such proceedings as may not be inconsistent with the views herein expressed.

Mr. Justice Cothran concurs in result.

Messrs. Justices Stabler and Carter and Mr. Acting Associate Justice John I. Cosgrove concur.

Mr. Justice Cothran (concurring in result) : I concur in the result, upon this ground: I do not consider it necessary, or even proper, to construe the complaint as alleging a cause of action for a reformation of the note. If the plaintiff can sustain his allegation that the loan was really made to the defendant indorsers, that, though apparently occupying the position of technical indorsers, the note was given for

their accommodation, that they actually received the proceeds of the note, and were the actual paymasters of the note, matters susceptible of proof by parol evidence, the defense that they received no notice of nonpayment of the note will not avail them. 3 Code 1922, § 3766; *Commercial Nat. Bank v. Ashley,* 133 S. C., 304, 130 S. E., 890; *Martin v. Traxler,* 140 S. C., 515, 139 S. E., 165; *Rogers v. Palmer,* 105 N. J. Law, 445, 144 A., 574, 62 A. L. R., 113, 3 R. C. L., 1179.