### 13538

W. B. BOYLE COMPANY v. AUTOMOBILE INSURANCE CO. OF HARTFORD, CONN. AND TEN OTHER CASES

(166 S. E., 886)

*Messrs. J. L. Nettles, S. K. Nash* and *Epps & Levy,* for appellants,

*Messrs. Lee & Moise,* for respondent,

December 13, 1932.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

Each of these eleven suits, brought by the same plaintiff against the respective defendants, was for the recovery for loss and damage by fire, under separate policies of insurance; the fire alleged to have occurred being the same in each of the suits. The policy sued on was referred to in each complaint by its date and number. The amount demanded varied in the several complaints. Eight of the policies insured merchandise, consisting principally of hardware. The other three policies covered furniture and fixtures.

In each of the complaints, the description of the building, in which the merchandise, furniture, and fixtures were located, is practically the same, and it was described as "a two-story brick building occupied by the owner on the south side of East Liberty Street in the City of Sumter, S. C.,

bounded on the north by Liberty Street, east by Harvin Street, south by lands of the Estate of Pierson, and west by land of A. J. Ard." There was no allegation in any of the complaints that because of a mistake or for any other reason the policy sued upon had erroneously described the building.

The defendant, excepting Hardware Mutual Fire Insurance Company of the Carolinas, moved in each of the cases that the plaintiff be required to make the complaint more definite and certain "by stating specifically the building situated upon the land described in the complaint in which it is claimed the property insured in the policy sued upon in the complaint was contained." The motions were refused by his Honor, the late Circuit Judge John S. Wilson.

The Hardware Mutual Fire Insurance Company of the Carolinas, answering the complaint in the suit brought against it, denied that it had insured plaintiff's merchandise located in the building described in the complaint, and alleged that it had insured, under the policy referred to in the complaint, certain merchandise contained "in the one-story brick building with metal roof, while occupied by the assured as a hardware store, situated at Nos. 24-26, ·on the south side of East Liberty Street, Block 8, in Sheet 10, Sumter, S. C."

Each of the defendants in the other cases similarly, in connection with its denial that it had issued a policy covering the property described in the complaint, set up in its answer a description of the property covered by the policy issued by it, particularly describing the building referred to in the policy in which the property was located.

All of the defendants, in their respective answers, further alleged that the policy sued on contained a provision to the effect that, in case any other policy covered the property insured therein, then that defendant would not be liable under the policy for a greater proportion of any loss or damage sustained than the sum insured under its policy bore to the

entire amount of insurance on the property insured therein, and there was additional insurance.

The respective answers contained, in addition to the matters before mentioned, allegations as follows: "That the location of the insured property is of great importance in the writing of a fire insurance policy; the location of the insured property is not described in the policy as set forth in the complaint; and that if it is the intention of the plaintiff to attempt to recover for a loss to property located at a place as described in the complaint (and this defendant denies that the plaintiff is so entitled), then the policy should first be reformed."

Following the filing of the answers, the defendant in each case gave notice that it would move for an order requiring the plaintiff to reply to the new matter set up in the answer, and that it would also move for an order placing the case on calendar 2, to the end that the equitable issues made in the pleadings in each case should be "promptly tried."

On hearing the two motions of the defendants, the presiding Judge, Hon. T. S. Sease, granted the one requiring the plaintiff to answer to the new matter set up in the answers, but he refused the motion to transfer the cases to calendar 2 and refer the equitable issues. The Circuit Judge held that the pleadings did not "raise such issues as require reference to a Master, or Referee, but that any such issues can properly be tried on the law side of the Court."

Pursuant to the order of Judge Sease, the plaintiff replied to the new matter set up in the answers. First, it was alleged that the premises referred to in the complaint were "upstairs in buildings Nos. 24, 26 and 28 East Liberty Street, Sumter, S. C., and downstairs in Nos. 28, 30 and 32 East Liberty Street, Sumter, S. C."

Plaintiff further set forth in the reply that the insurance companies, defendants in the cases, through certain of their agents and representatives, knew the kind of property and

the location thereof at the time of the issuance of the policies, and were fully advised of such location at all times.

The appeal here is on the part of the insurance companies from the respective orders of Judges Wilson and Sease.

The motions in all eleven cases were heard together in the Court of Common Pleas for Sumter County, and, by agreement of counsel, the appeals are so heard in this Court.

We will first consider the appeal from the order of Judge Wilson, refusing the appellants' motions to make the complaint more definite and certain. It is well settled that an order of this character is not appealable before final judgment unless it involves the merits. *Spires v. South Bound Railway Co.,* 47 S. C., 28, 24 S. E., 992; *Pendleton v. Columbia Railway, Gas & Electric Company,* 132 S. C., 507, 128 S. E., 711; *Beard v. Paul Motor Company,* 166 S. C., 289, 164 S. E., 837. Whether the appeal from Judge Wilson's order, however, is premature or not, is immaterial and need not be considered, since the respondent's compliance with the order of Judge Sease, in replying to the answers of the appellants, has had the effect, it now appears, of making the complaints more definite and certain, as asked for by the appellants in their first motion to secure that end.

We are unable to agree with the appellants that there was error in the order of Judge Sease. Mr. Chief Justice Gary, in the case of *Knox v. Campbell,* 52 S. C., 461, 30 S. E., 485, 486, discussed clearly and interestingly the change made in the old common-law practice by the adoption of the Code provisions as to the trial of legal and equitable issues. He held, "Since the adoption of the Code it is left to the discretion of the Judge whether the legal or equitable issues shall first be tried."

In *Beal v. Divine,* 93 S. C., 352, 76 S. E., 987, there was an appeal from the order of the Circuit Judge refusing a motion of defendant to transfer the case from calendar 1 to calendar 2 and refer the equitable issues. In sustaining

the order of the lower Court Chief Justice Watts said: "An inspection of the pleadings in the cause will show that both legal and equitable issues are raised. The complaint shows a plain legal action for the recovery of money only with the exception of Paragraph 8 which asks that the rights and interests of the parties be determined under a contract of sale entered into between the parties as to certain lands and timbers. The answer sets up both legal and equitable defenses, among other defenses, that of fraud and misrepresentation, and asks damages for that. Here, under the pleadings, we have both legal and equitable issues to be tried. The order in which the issues are to be tried is discretionary with the Court."

In the consideration of a case where there were involved both legal issues and the equitable issues of reformation this Court recently said: "The suit for reformation was, of course, clearly one within the equitable cognizance of the Court. If the note was ordered in equity to be reformed, according to the plaintiff's contention, then the recovery of the amount alleged to be due on the note, as reformed, would have been a legal issue to be determined in an action at law. In our practice, under the Code, both legal and equitable issues may be determined in the same action. The legal issues are to be determined by a jury, and the equitable issues are to be determined by the Court, under the general regulations as to the submission of equitable issues, with or without the intervention of a jury, as the Court may direct." *Henderson v. Rice et al.*, 160 S. C., 307, 158 S. E., 258, 263.

Also, in a case where both legal and equitable issues were involved, the Court used this language: "The appellants in their argument argue that the procedure in this cause will tend to bring confusion, as there may be some issues for jury trial and other issues exclusively triable in equity. It has been held that both legal and equitable issues can be disposed of in one action; the legal to be submitted to a

jury, and the equitable to be tried by the Court. *Mitchell v. Hamilton*, 98 S. C., 289, 82 S. E., 425; *Fidelity Fire Insurance Co. v. Windham*, 134 S. Ct., 373, 133 S. E., 35." *People's Bank of Hartsville v. Bryant*, 148 S. C., 133, 145 S. E., 692, 694.

The appellants strongly rely upon some language of Mr. Justice Gage in *Etheredge v. Ætna Insurance Co.*, 102 S. C., 313, 86 S. E., 687, 691, as follows: "The defendant had the right, in this cause, to suggest the equitable issues and have it tried before the law issue was tried. It did not do so, and it is now too late to make that demand."

The declaration as it there reads is not in harmony with other cases we have cited. We think Mr. Justice Gage intended to say that the defendant insurance company, in that case, had the right "to suggest the equitable issue and have it tried before the law issue was tried." In any event what the distinguished jurist there said was clearly *obiter* for the insurance company had not moved before the Court for a trial first of the equitable issue and the matter was really not involved in the appeal.

The judgment of this Court is that the appeals from the order of his Honor, Judge Wilson, be dismissed, and that the order of Judge Sease, appealed from, be, and the same is hereby, affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.